JONES, APPELLEE, *v.* HARTRANFT ET AL., APPELLANTS.

[Cite as *Jones v. Hartranft* (1997), 78 Ohio St.3d 368.]

(No. 95–2497—Submitted January 22, 1997—Decided May 14, 1997.)

*Randall W. Pees,* for appellee.

*Earl, Warburton, Adams & Davis, Ted L. Earl* and *Christopher R. Walsh,* for appellants.

---

COOK, J.   With this case we hold that a trial court does not abuse its discretion in dismissing a claim with prejudice under Civ.R. 41(B)(1) when a plaintiff, who has had an objectively reasonable amount of time for discovery, fails to proceed upon a scheduled trial date for want of evidence of defendant's liability.

## DISMISSAL UNDER CIV. R. 41(B)(1)

Civ.R. 41(B)(1) provides that "[w]here the plaintiff fails to prosecute, * * * the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." [2]   A dismissal for failure to prosecute "operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies."   Civ.R. 41(B)(3).

The decision to dismiss a complaint for failure to prosecute is within the sound discretion of the trial court, and an appellate court's review of such a dismissal is confined solely to the question of whether the trial court abused its discretion. *Pembaur v. Leis* (1982), 1 Ohio St.3d 89, 91, 1 OBR 125, 126–127, 437 N.E.2d 1199, 1201.   The term "abuse of discretion" as it applies to a dismissal with prejudice for lack of prosecution "implies an unreasonable, arbitrary or unconscionable attitude on the part of the court in granting such motion."   *Id.*

One of the considerations militating against dismissal with prejudice is the tenet that disposition of cases on their merits is favored in the law.   See *Tokles & Son, Inc. v. Midwestern Indemn. Co.* (1992), 65 Ohio St.3d 621, 632, 605 N.E.2d 936, 944.   That precept has spawned decisions that curtail a trial court's discretion to dismiss.   See *Toney v. Berkemer* (1983), 6 Ohio St.3d 455, 6 OBR 496, 453 N.E.2d 700, syllabus (court should grant default judgment for failing to respond to discovery requests only where there is evidence of willfulness or bad faith on the part of responding party); *Schreiner v. Karson* (1977), 52 Ohio App.2d 219, 6 O.O.3d 237, 369 N.E.2d 800, paragraph two of syllabus (court should consider lesser sanctions before dismissing a case unless negligent,

---

2.   Jones did not argue before the lower courts that he was not provided the required notice under Civ.R. 41(B)(1).

irresponsible, contumacious, or dilatory conduct supports dismissal with prejudice); *Willis v. RCA Corp.* (1983), 12 Ohio App.3d 1, 2, 12 OBR 57, 59, 465 N.E.2d 924, 926 (dismissal with prejudice for nonappearance at a pretrial conference should be used sparingly and only in extreme situations). Thus, although reviewing courts espouse an ordinary "abuse of discretion" standard of review for dismissals with prejudice, that standard is actually heightened when reviewing decisions that forever deny a plaintiff a review of a claim's merits.

Proper factors for consideration in a Civ.R. 41(B)(1) dismissal with prejudice include the drawn-out history of the litigation, including a plaintiff's failure to respond to interrogatories until threatened with dismissal, and other evidence that a plaintiff is deliberately proceeding in dilatory fashion or has done so in a previously filed, and voluntarily dismissed, action. See *Link v. Wabash RR. Co.* (1962), 370 U.S. 626, 633–635, 82 S.Ct. 1386, 1390–1391, 8 L.Ed.2d 734, 740–741; *Indus. Risk Insurers v. Lorenz Equip. Co.* (1994), 69 Ohio St.3d 576, 635 N.E.2d 14, syllabus.

Here, Jones's first complaint had been pending for nearly a year and a half before he voluntarily dismissed it for lack of an expert witness. After the *refiled* case was pending for over a year, Jones still had no legal support for his claim that Hartranft breached the standard of care some seventeen years earlier. As the trial court observed at the hearing, Jones was not asking for a continuance because his expert witness was not *available* to testify but because he did not *have* an expert witness. Jones astutely does not argue that the trial court, on that basis, abused its discretion in not granting his motion for a continuance. Rather, he argues that the dismissal ought to have been without prejudice. Given the history of the case, however, the trial court could reasonably have concluded that Jones simply could not establish within a reasonable time a prima facie case of malpractice.

The trial court did not abuse its discretion by its dismissal with prejudice. Jones's dilatory conduct in responding to discovery may not have met the heightened discretion standard for dismissals with prejudice. His failure to proceed on the scheduled trial date due to an admitted lack of liability evidence, however, sufficed on its own to meet the heightened standard. Neither a monetary sanction nor a further continuance could have addressed the problem of a dearth of evidence of liability on the scheduled trial date. Jones's dilatory conduct during discovery provided additional but unnecessary support for that decision. Orderly and timely administration of justice requires that courts exercise the power to dismiss cases where appropriate.

## OTHER ISSUES ADDRESSED BY THE COURT OF APPEALS

The decision of the trial court to place this case on a twelve-month, instead of a twenty-four-month, case track is inconsequential to the issue whether the court

abused its discretion in ultimately dismissing for failure to prosecute. Loc.R. 45.01 of the Court of Common Pleas of Franklin County, General Division, sets forth a procedure to be followed by a party wishing to modify an assigned trial date. Jones had over a year from the time that the trial date was set in this case in which to move to reschedule. He did not.

Similarly, Jones's claim and the appellate court's finding that the trial court permitted the defendants to determine his motion for continuance are not supported by the record. The record as a whole establishes that the trial court made its own decision to dismiss with prejudice unless the parties could arrive at "some type of agreement," in which event the court "would go along with it within reason."

## CONCLUSION

Because the trial court did not abuse its discretion in dismissing with prejudice, we reverse the court of appeals and reinstate the trial court's order dismissing the case pursuant to Civ.R. 41(B) for failure to prosecute.

*Judgment reversed.*

MOYER, C.J., PFEIFER and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent.