Chauncey Neal appeals the dismissal of his complaint with prejudice by the Lawrence County Court of Common Pleas. He assigns the following errors:
 I. "THE COURT OF COMMON PLEAS ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT IN THAT SINCE THE PLAINTIFF WAS UNREPRESENTED BY COUNSEL AND HAD A HEARING IMPAIRMENT, ITS DECISION TO IMPOSE THE HARSHEST SANCTION OF DISMISSAL FOR WANT OF PROSECUTION WITHOUT, EITHER BY ITS OWN MOTION, OR THE MOTION OF PLAINTIFF, CONSIDERING LESSER SANCTIONS, CONSTITUTED AN ABUSE OF DISCRETION."
 II. "THE COURT OF COMMON PLEAS ERRED TO THE PREJUDICE OF THE PLAINTIFF SINCE IT WAS AN ABUSE OF DISCRETION FOR THE COURT NOT TO CONDUCT AN EVIDENTIARY HEARING ON THE EXTENT OF PLAINTIFF'S HEARING LOSS, OR TO DETERMINE WHETHER CORRECTIVE MEASURES WERE NECESSARY TO ACCOMMODATE THE HEARING DISABILITY."
Chauncey filed an action for conversion against his son, Harold. After a trial, a jury returned a verdict for Harold. InNeal v. Neal (Apr. 1, 1997), Lawrence App. No. 96CA25, unreported, we reversed and remanded the judgment of the trial court because of an evidentiary error during the jury trial.
On remand, the parties agreed to submit the matter to the court for consideration on the record of the jury trial except the testimony of Audrey Neal pursuant to our opinion inNeal, supra. By agreement of the parties, the trial court set the matter for a hearing on May 18, 1998 and granted the counsel of each party thirty minutes to argue and summarize their respective positions. The submission of new or additional evidence was not contemplated.
On the morning of May 18, 1998, Chauncey informed his attorney, David McCown, that he wished to discharge him. McCown asked the court for permission to withdraw from the case. The court questioned Chauncey whether he wanted to discharge McCown. At that time, McCown and Chauncey informed the court that Chauncey had a hearing problem. The court had Chauncey move closer to the bench where the following exchange took place:
 COURT: Mr. McCown says that you want to fire him and discharge him. Is that what you want to do?
CHAUNCEY NEAL: Yes, Sir.
 COURT: How long have you known that this case was set for today?
 CHAUNCEY NEAL: Well, I got letters, I called him, I talked to him, I got more letters. I got the last one Friday.
 COURT: But you knew the case was set for hearing today?
CHAUNCEY NEAL: I know approximate, not definite.
 COURT: How long will it take you to get another attorney?
CHAUNCEY NEAL: Whatever time you give me, Sir.
After appellee made a motion to dismiss for failure to prosecute, McCown asked the court to grant a continuance. The trial court granted both McCown's motion to withdraw and appellee's motion to dismiss.
Civ.R. 41(B)(1) provides:
 (1) Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to plaintiff's counsel, dismiss an action or claim.
Whether to dismiss a complaint for failure to prosecute is within the sound discretion of the trial court. Jones v.Hartranft (1997), 78 Ohio St.3d 368, 371.
We agree with the trial judge that appellant's request for a continuance, because he had discharged his attorney immediately prior to the hearing, was unreasonable in light of the record and history of this case. However, we cannot agree that dismissal for failure to prosecute was appropriate under the circumstances. Rather, the trial court could have instructed the appellant to proceed pro se, or at a minimum, considered the merits of the case without oral argument by the appellant. Accordingly, we reverse the judgment of dismissal with prejudice. We remand the matter to the trial court for final disposition on the merits based solely upon the existing record without the necessity of argument or further submissions by the appellant.
In his second assignment of error, appellant argues that the trial court erred in not conducting a hearing to establish the extent of appellant's hearing impairment. Although appellant and his counsel informed the court that appellant had a hearing impairment, appellant never requested such a hearing. An appellate court need not consider an alleged error which was not brought to the attention of the trial court at the time at which such error could be remedied. State v. Smith (1997),80 Ohio St.3d 89, 105 citing State v. Williams (1977), 51 Ohio St.2d 112, paragraph one of the syllabus, vacated on other grounds by 438 U.S. 911. Thus, we overrule appellant's second assignment of error.
In sum, we have sustained appellant's first assignment of error and overruled his second assignment of error. Accordingly, we affirm in part and reverse in part the judgment of the trial court and remand for proceedings consistent with this decision.
JUDGMENT AFFIRMED IN PART AND REVERSED IN PART AND REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART AND REVERSED IN PART and remanded to the trial court for further proceedings consistent with this opinion and that costs herein be taxed equally between the parties.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Kline, J.:
Concur in Judgment and Opinion.
For the Court
 BY: ________________________ William H. Harsha, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.