DECISION
Plaintiffs-appellants, David and Lisa Meade, appeal from a judgment of the Franklin County Court of Common Pleas dismissing their complaint with prejudice. Because the trial court abused its discretion in dismissing the complaint with prejudice, we reverse.
On January 6, 1997, plaintiffs re-filed a complaint originally filed on November 17, 1993 and dismissed on June 5, 1996. The complaint alleged that on March 31, 1993, defendant-appellee, K. Michael Hughes, Jr., D.O., was negligent in his care, diagnosis, and treatment of plaintiff David Meade, and failed to inform him of inherent and potentially material risks or dangers which were the direct and proximate cause of injuries plaintiff sustained in defendant's care. In addition, plaintiff Lisa Meade contended she had been deprived of the services, support, consortium, comfort and companionship of her husband as a result of defendant's negligence. Following defendant's January 27, 1997 response to the complaint, the parties engaged in discovery and pretrial preparation, agreeing that the discovery completed in the first action would apply to the re-filed case.
On December 14, 1998, plaintiffs filed a request for a continuance, asserting that due to illness their medical expert, Philip Breen, M.D., was unavailable for the scheduled trial date of January 4, 1999. While defendant did not agree to the continuance, he did not object. On December 15, 1998, the trial court denied the motion, finding the case was old and plaintiffs had several years to prepare the case for trial. On December 29, 1998, plaintiffs filed a demand for judgment, as well as the depositions of James Powers, M.D., and Phillip Breen, M.D.
On the day of trial, January 4, 1999, plaintiffs again requested the case be continued due to the unavailability of Dr. Phillip Breen. Plaintiffs explained that the discovery deposition of Dr. Breen was not helpful in resolving the doctor's absence because the doctor's qualifications, necessary to his expert testimony at trial, were not specified in the deposition. The court again denied the request, although defendant did not object to the continuance. When plaintiffs could not go forward with their case due to the unavailability of their witness, the trial court dismissed the case with prejudice. Plaintiffs appeal, assigning the following errors:
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SUA SPONTE
DISMISSED THIS CASE WITH PREJUDICE FOR FAILURE TO PROSECUTE SINCE APPELLANTS' CONDUCT DID NOT RISE TO THE HEIGHTENED LEVEL OF NEGLIGENT, IRRESPONSIBLE, CONTUMACIOUS, OR DILATORY CONDUCT AS TO PROVIDE SUBSTANTIAL GROUNDS FOR DISMISSAL WITH PREJUDICE.
ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SUA SPONTE
DISMISSED THIS CASE WITH PREJUDICE FOR FAILURE TO PROSECUTE BECAUSE THERE WERE LESS DRASTIC EXERCISES OF THE COURT'S POWER THAT WERE AVAILABLE.
ASSIGNMENT OF ERROR NO. 3
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SUA SPONTE
DISMISSED THIS CASE WITH PREJUDICE FOR FAILURE TO PROSECUTE BECAUSE DR. PHILLIP BREEN, A MATERIAL EXPERT WITNESS FOR APPELLANTS, WAS UNABLE TO ATTEND THE TRIAL DUE TO SERIOUS MEDICAL PROBLEMS, AND A CONTINUANCE UNDER THE CIRCUMSTANCES WOULD NOT HAVE BEEN UNREASONABLE.
Because the three assigned errors are interrelated, we address them jointly. Together they assert the trial court abused its discretion in dismissing plaintiffs' case with prejudice.
Pursuant to Civ.R. 41(B) (1), if a plaintiff fails to prosecute, the court "upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." Pursuant to Civ.R. 41(B) (3), a dismissal for failure to prosecute "operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies." A trial court's decision to dismiss a complaint for failure to prosecute under Civ.R. 41(B) (1) is within the sound discretion of the trial court. Accordingly, an appellate court's review of such a dismissal is limited to whether the trial court abused its discretion. Pembaur v. Leis (1982), 1 Ohio St.3d 89,91. In that context, "abuse of discretion" means an "unreasonable, arbitrary or unconscionable attitude on the part of the court in granting such motion." Id.
"One of the considerations militating against dismissal with prejudice is the tenet that disposition of cases on their merits is favored in the law." Jones v. Hartranft (1997), 78 Ohio St.3d 368,371. Nonetheless, in Jones, the Ohio Supreme Court found the trial court had not abused its discretion in dismissing that case with prejudice when plaintiff was unprepared to proceed on the scheduled trial date. Defendant cites Jones in support of the trial court's decision to dismiss plaintiffs' case with prejudice.
Several factors, however, distinguish Jones from the present case. Initially, as the Supreme Court noted twice in theJones opinion, Jones' request for a continuance was not due to the unavailability of his expert witness, but because he did not have an expert witness. Here, plaintiffs' initial identification of witnesses, filed November 10, 1997, listed Phillip Breen, M.D., as a medical expert for plaintiffs, and defendant had the opportunity in discovery to depose Dr. Breen. Accordingly, plaintiffs, in preparing their case, had identified an expert witness and had participated in the discovery process with respect to that witness.
Instead, plaintiffs' problem was the doctor's unavailability due to illness. Without question, plaintiffs were rather circumspect in describing the illness to the trial court. While plaintiffs' reluctance to disclose an illness which might affect the credibility of the doctor's later testimony is understandable, some information supporting the doctor's unavailability not only for the trial, but for a video deposition during the three weeks between plaintiffs' initial request for a continuance and the actual trial date, perhaps would have been helpful. Nonetheless, even without a more thorough explanation, plaintiffs' reasons for requesting a continuance here differ markedly from those in Jones.
Moreover, plaintiffs requested their continuance well in advance of trial. Despite the trial court's characterizing the motion for continuance as one presented on the day of trial, plaintiffs on December 14, 1998, requested the continuance for the very reasons again presented to the trial court on the day of trial.
Finally, unlike Jones, plaintiffs here apparently have participated fully in the discovery process. The file lacks any motions to compel, as were necessary in Jones. Moreover, defendant's initial identification of witnesses discloses many persons previously deposed by plaintiffs' counsel. Accordingly, the plaintiffs here have not been dilatory as in Jones.
Given the significant differences between Jones and the present case, the trial court abused its discretion in dismissing plaintiffs' case with prejudice. Under the circumstances, plaintiffs should not be sanctioned with a complete forfeiture of all rights simply because their chosen expert witness was unable to maintain good health for the trial.
For the foregoing reasons, and to the extent indicated, plaintiffs' three assigned errors are sustained. The judgment of the trial court is reversed, and this matter is remanded to the trial court to impose an alternate sanction, as appropriate.
Judgment reversed and case remanded with instructions.
BOWMAN, BRYANT, and KENNEDY, JJ., concur.