[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant, Quincy Robinson, d.b.a. Majestic Construction ("Majestic"), appeals the judgment of the Hamilton County Court of Common Pleas dismissing its complaint against D.E.R. Construction Co., Inc. ("D.E.R.") for failure to prosecute pursuant to Civ.R. 41(B).
Majestic and D.E.R. entered into a contract pursuant to which Majestic was to perform carpentry work. The contract provided for arbitration of disputes arising under the agreement. A dispute in fact arose, and Majestic filed separate actions in the common pleas court against D.E.R. The cases were consolidated, and the proceedings in the trial court were stayed pursuant to R.C. 2711.02 for the completion of arbitration.
Approximately two years after the dispute was referred to arbitration, the American Arbitration Association ("A.A.A.") suspended administration of the case because Majestic had failed to pay the requisite arbitration fees. In July 1999, the trial court overruled a motion to dismiss filed by D.E.R. on the ground that the arbitration had only been suspended and not terminated.
Several months later, the A.A.A. terminated the arbitration proceeding due to Majestic's failure to pay the fees. In December 1999, D.E.R. filed a renewed motion to dismiss for failure to prosecute. The trial court granted that motion, and this appeal followed.
In the first assignment of error, Majestic argues that the trial court erred in granting the motion to dismiss because the company did not receive notice of the hearing at which the motion was considered. This argument is not well taken.
The record indicates that counsel of record for Majestic received notice of the hearing conducted on January 21, 2000. This notice comported with Civ.R. 5(B), governing notice to parties who are represented by counsel. Moreover, even were we to conclude that there was a failure of service for the January 21 hearing, any defect was cured when the court conducted a second hearing, which was requested by Majestic and attended by Robinson. At that hearing, Robinson was given an opportunity to argue in opposition to the motion.[1] The entry of dismissal was not signed and journalized until after the second hearing. Accordingly, Majestic's arguments with respect to notice are not persuasive, and the first assignment of error is overruled.
In the second assignment of error, Majestic argues that the trial court erred in granting the motion because the arbitration proceeding had not been completed. Civ.R. 41(B) provides that "[w]here the plaintiff fails to prosecute * * * the court upon motion of a defendant or on its own motion may, after notice to plaintiff's counsel, dismiss an action or claim." The decision to grant or deny a motion to dismiss for failure to prosecute is within the discretion of the trial court and will not be reversed absent an abuse of discretion.[2] The term "abuse of discretion" means more than a mere error of law or judgment; it implies that the court's decision was arbitrary, unreasonable, or unconscionable.[3]
In the case at bar, we find no abuse of discretion in the trial court's granting of the motion. The record indicates that, prior to the termination of the arbitration proceeding, Majestic had been allotted approximately two and one-half years to pay the requisite arbitration fees and prosecute its claim. Its failure to do so caused the action filed in the trial court to languish on the docket with no apparent end in sight. Only after the court was certain that the arbitration proceeding had been terminated, rather than merely suspended, did it grant the Civ.R. 41(B) motion to dismiss. Under these circumstances, the granting of the motion cannot be deemed arbitrary, unreasonable, or unconscionable, and the second assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J, Gorman and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] Robinson appeared pro se at the second hearing.
[2] Jones v. Hartranft (1997), 78 Ohio St.3d 368, 371, 678 N.E.2d 530,534.
[3] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140, 1142.