DECISION
Plaintiff-appellant, Laura Burton, appeals from a decision of the Franklin County Court of Common Pleas dismissing her personal injury action against defendant-appellee, Patricia D. Nicholson, for failure to prosecute.
The procedural posture and pertinent facts of this case are not in dispute. Appellant was injured when her vehicle collided with a vehicle owned and driven by appellee. Appellant commenced a civil action in the Franklin County Court of Common Pleas, which was subsequently dismissed and timely refiled on March 18, 1999, under the savings statute. On March 2, 2000, counsel for the parties attended a status conference presided over by the trial court's staff attorney. Counsel for both parties advised the staff attorney that the case would undoubtedly settle for appellee's insurance policy liability limits, but that some "housekeeping" issues remained which precluded an immediate and final settlement. Specifically, since appellant's injuries exceeded appellee's liability coverage limits, appellant intended to proceed under her own underinsured coverage. Under the terms of appellant's underinsured motorist coverage, she could not settle her claim against a tortfeasor without express permission of her underinsured motorist coverage carrier. As it happens, the same insurer provided liability coverage for the tortfeasor and appellant's underinsured motorist coverage. In essence, there remained only for the insurer's left (underinsured motorist) hand to approve what the right (liability) hand intended. The parties accordingly advised the court's staff attorney that the matter might be stayed for a brief time necessary to resolve this issue.
Notwithstanding the understanding expressed between the parties at the status conference, the trial court on March 3, 2000 filed the following notice in the case, with copies to the parties:
 Counsel notified this Court that the within cause of action has been settled. Counsel shall prepare the appropriate entry for the Court's approval within twenty (20) days of the filing of this Notice. Failure to file said entry may result in a dismissal as for want of prosecution pursuant to Local Rule 25.03. If the parties are unable to submit an entry within twenty (20) days, the parties shall notify the Court, in writing, as to the cause of such delay so as to prevent dismissal. If such an entry is filed by the Court, the parties may subsequently submit an amended agreed entry reflecting the terms of the settlement and/or dismissal.
Appellant's counsel asserts on appeal that, for undetermined reasons, he did not receive the March 3 notice until March 24, 2000. He immediately thereafter proceeded to file with the trial court and serve on opposing counsel a letter to the court indicating that the matter should not be dismissed because a settlement had in fact not been reached between the parties. Counsel asserts that he personally delivered this letter to the chambers of the trial court judge by 9:20 a.m. on March 24, 2000. The letter pointed out to the court that, because of the previous dismissal and refiling under the savings statute, any further dismissal of the action would be with prejudice. The letter also pointed out the danger that appellant would not only lose the opportunity to recover under the tortfeasor's liability coverage, but quite probably would compromise her ability to recover under her own underinsured motorist coverage, thus losing all ability to obtain compensation for her injuries. Some eleven days later, on April 4, 2000, the trial court nonetheless entered a judgment entry of dismissal terminating the action. Appellant has timely appealed and brings the following assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT AND ABUSED ITS DISCRETION BY ENTERING IT'S [sic] JUDGEMENT, JOURNALIZED APRIL 4, 2000, DISMISSING APPELLANT'S CIVIL ACTION AGAINST APPELLEE ON: (A) THE ERRONEOUS BASIS THAT THE PARTIES HAD PREVIOUSLY ADVISED THE COURT THAT THE CASE WAS SETTLED WHEN NO SUCH REPRESENTATION WAS MADE; AND (B) FOR APPELLANT'S FAILURE TO PROVIDE A FINAL ENTRY OF DISMISSAL WITHIN TWENTY (20) DAYS PURSUANT TO LOCAL RULE 25.03 OF THE FRANKLIN COUNTY COMMON PLEAS COURT.
Appellate review of a dismissal pursuant to Civ.R. 41(B)(1) for want of prosecution is limited to a determination of whether the trial court abused its discretion. Quonset Hut, Inc. v. Ford Motor Co. (1997)80 Ohio St.3d 46, 50. Dismissal with prejudice, however, is an extremely harsh sanction and contrary to the fundamental preference for deciding cases on their merits. Jones v. Hartranft (1997), 78 Ohio St.3d 368,371. Accordingly, dismissal of a case is warranted only if the conduct of a party or his counsel is sufficiently "negligent, irresponsible, contumacious, or dilatory" as to provide substantial grounds for the dismissal. Tokles Son, Inc. v. Midwestern Indemn. Co. (1992),65 Ohio St.3d 621, 632. We find no indication in the record or the briefs on appeal that appellant's conduct of the litigation approaches this level of deficiency. Other than the initial failure to respond to the court's notice of impending dismissal, for which counsel has advanced extenuating circumstances, there is nothing to indicate that appellant's prosecution of the case was negligent, irresponsible, contumacious, or dilatory. Dismissal of appellant's action was an extreme remedy for which various customary procedural devices would have provided a preferable alternative; e.g., convening of the parties for a second status conference to ascertain the state of settlement negotiations. Since the trial court was on notice that settlement had not been reached, and less drastic alternatives were available, we find in the context of the present case that it was an abuse of discretion for the trial court to dismiss appellant's action. Appellant's assignment of error accordingly has merit and is sustained.
In accordance with the foregoing, the judgment of the Franklin County Court of Common Pleas dismissing appellant's action for failure to prosecute is reversed, and the matter is remanded to the trial court to be placed on the active docket.
 ___________________ DESHLER, J.
PETREE and McCORMAC, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.