I respectfully dissent from the majority opinion. My reasons follow.
Although I agree the trial court would not have abused its discretion had it dismissed appellant's complaint with prejudice under all the facts and circumstances, I am not persuaded such a result was intended by the trial court.
Based upon the language used by the trial court in its August 4, 2000 Judgment Entry wherein it ". . . ordered, adjudged and decreed that the instant matter is dismissed without prejudice and otherwise than upon the merits at [appellant's] costs," the trial court appears to have been under the impression appellant's complaint could be refiled. (Emphasis added). However, appellant states in her brief to this Court, the legal effect of the trial court's dismissal was actually a dismissal with prejudice because the statute of limitations had expired and the statutory savings clause could not be used a second time.[1],[2] (Appellant's Brief at 7.) Because dismissal with prejudice is the ultimate sanction a plaintiff may receive; because the disposition of cases on their merits is favored in the law (Jones v. Hartranft (1997), 78 Ohio St.3d 368, 371); and because the trial court's language suggests it was under the mistaken impression appellant's complaint could be refiled, I would sustain this assignment of error and remand this case to the trial court to redetermine the appropriate sanction.
I further disagree with the majority's disposition of appellant's second assignment of error. Unlike the majority, I do not "presume" the trial court denied the motion for reconsideration/relief from judgment. (Majority Opinion at 6.) The trial court failed to rule on appellant's motion during the time period specified in this Court's order, which granted a limited remand. As such, the trial court was without jurisdiction to rule on the motion after the expiration of the time period established by this Court. Although I agree the civil rules do not provide for a motion for reconsideration, appellant's motion alternately requested relief from judgment under Civ.R. 60(B). That portion of appellant's motion has not been ruled upon by the trial court. Because it is a post-judgment motion, not interlocutory, and one which requires determination before an appeal may be taken therefrom, the trial court may not overrule said motion sub silencio.
I find appellant's second assignment of error to be premature. The majority's disposition of it on the merits would bar the trial court from ruling on appellant's motion for relief from judgment under res judicata
principals. Accordingly, I also dissent from the majority's analysis of appellant's second assignment of error.
 ________________________ JUDGE WILLIAM B. HOFFMAN
[1] The majority finds ". . . the practical effect of the trial court's order terminated the case due to the prior Civ.R. 41(A) dismissal." (Majority Opinion at 4.) I find nothing in Civ.R. 41 to support the proposition a trial court's involuntarily dismissal without prejudice under Civ.R. 41(B)(1), (3) has the legal effect of a dismissal with prejudice because of a prior voluntary dismissal by the plaintiff under Civ.R. 41(A).
[2] At oral argument, appellees conceded the legal effect of the trial court's dismissal was a dismissal with prejudice.