[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 90.]

CINCINNATI BAR ASSOCIATION *v*. FISCHER.

[Cite as *Cincinnati Bar Assn. v. Fischer*, 2001-Ohio-156.]

*Attorneys at law—Misconduct—Six-month suspension with entire six months stayed—Intentionally stealing and lying to an investigating officer about the theft—Panel's dismissal of earlier case qualifies as voluntary dismissal under Civ.R. 41(A)(2), when.*

(No. 00-1552—Submitted December 12, 2000—Decided June 13, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 99-42.

_____

*Per Curiam.*

{¶ 1} While working as a blackjack dealer at a church festival in 1997, respondent, Timothy A. Fischer of Cincinnati, Ohio, Attorney Registration No. 0009186, received a $20 bill from Ben Sublett for betting chips. Instead of putting the money in the till, the respondent placed it in his shirt pocket. Shortly thereafter he left the table. When respondent returned to the gaming table, off-duty police officer Rick Malone asked him about the $20, and respondent denied having taken it until Malone said that the bill was marked. Respondent then admitted that he had taken the $20 and returned it. Malone requested that respondent leave the premises and he did so.

{¶ 2} A few days later, after discovering that respondent is an attorney, Malone, on the advice of a local judge, reported the church festival incident to relator, Cincinnati Bar Association. Relator then filed a complaint charging respondent with a violation of DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) by intentionally stealing and lying to an investigating officer about the theft.

**{¶ 3}** The matter was referred to a panel of the Board of Commissioners on Grievances and Discipline. The panel originally set a hearing in Columbus, but thirteen days before the date of the hearing the parties received notice that it would be held in Toledo. Both relator and respondent filed a joint motion to vacate the order that the hearing be held in Toledo because all of the anticipated witnesses were from Cincinnati and the police officer had authority to travel to Columbus, but not to Toledo. That motion was denied, as was a similar motion filed the day before the scheduled hearing. Relator then submitted an "entry of dismissal" to the panel, which read, "Relator hereby dismisses the above captioned case for the reason that the witnesses cannot be presented in Toledo, Ohio on August 6, 1998," and which was signed by counsel for the relator. Below the signature, the entry read: "It is so ordered. This entry is dated ____ day of August, 1998" with a signature line for the panel's chair.

**{¶ 4}** The panel did not sign the entry, and the entry does not appear in the record. Instead, the panel entered its own order, which stated, "The Panel, based upon the Relator's Dismissal and a specific finding that the Relator would not be able to carry its burden of proof by clear and convincing evidence, hereby dismisses the within matter."

**{¶ 5}** Approximately a year after the dismissal, relator again filed a complaint against respondent based on the same facts and requesting the same relief. Respondent filed a motion to dismiss for failure to state a claim. Respondent argued that the record in the earlier case showed no "filing of a voluntary dismissal," and that instead the record reflected that the earlier dismissal was for failure to prosecute. Respondent reasoned that the earlier case was therefore dismissed on the merits and hence with prejudice. The panel denied respondent's motion and found that the panel's earlier dismissal entry "necessarily was an acceptance of Relator's voluntary dismissal" and therefore "not on the merits with prejudice." Respondent then answered, and the matter was heard by the panel.

2

**{¶ 6}** The panel found the facts as alleged and concluded that the respondent had violated DR 1-104(A)(4). In mitigation the panel found that respondent had practiced law for many years, that he was experiencing psychological problems at the time of the incident due to a recent divorce and his adjustment to working as a sole practitioner, and that this was the first time that he had been the subject of any disciplinary action. The panel recommended that respondent be suspended from the practice of law for six months with the entire six months stayed. The board adopted the findings, conclusion, and recommendation of the panel.

**{¶ 7}** In his answer to our show cause order, respondent does not dispute the board's factual findings but argues that the board erred in overruling his motion to dismiss for failure to state a claim. Respondent argues that the panel's dismissal of the earlier case was a dismissal for failure to prosecute under Civ.R. 41(B)(1), and thus was a dismissal on the merits.

**{¶ 8}** We find that the panel dismissed the earlier case not for relator's failure to prosecute, but because relator was unable to present witnesses for the hearing scheduled in Toledo. When the relator has secured a witness to testify at a panel hearing to be held at a particular location on a specific date, but the panel changes the location of the hearing and refuses requests from both parties to vacate the order changing the location of the hearing, the relator's inability to present its witness at the new location does not necessarily equate to a failure to prosecute on the part of the relator. See *Jones v. Hartranft* (1997), 78 Ohio St.3d 368, 372, 678 N.E.2d 530, 534. In *Jones*, this court noted a distinction between a party's failure to secure a necessary witness *at all* and a party's inability to have a witness *available* on a specific date. *Id.* Unlike the plaintiff in *Jones*, who failed to obtain a necessary expert witness to testify on any date, the relator here simply could not present its witness, Rick Malone, in Toledo on the date of the panel hearing. Relator indicated this problem in its proposed entry of dismissal, and the panel entered its dismissal order "based upon the Relator's Dismissal."

**{¶ 9}** The panel's dismissal of the earlier case qualifies as a voluntary dismissal under Civ.R. 41(A)(2), which allows the panel to dismiss a case on relator's request "upon such terms and conditions as the [panel] deems proper." At that time, the panel had not had an opportunity to consider the evidence in the case to grant a dismissal based on the merits. Therefore, the panel necessarily issued its order based on relator's proposed dismissal entry. We find that the panel's order constituted a voluntary dismissal under Civ.R. 41(A)(2), which was without prejudice. Because the earlier panel's dismissal was without prejudice, the later panel acted properly in overruling respondent's Civ.R. 12(B)(6) motion to dismiss for failure to state a claim.

**{¶ 10}** Therefore, we adopt the findings, conclusion, and recommendation of the board. Respondent is hereby suspended from the practice of law for six months with the entire six months stayed. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

*Ernest F. McAdams, Jr.*, and *James A. Vogele,* for relator.

*John H. Burlew,* for respondent.

————————————