JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff, John A. Erb, appeals the trial court's dismissal of his complaint with prejudice. Finding no merit to the appeal, we affirm.
 {¶ 2} In January 2002, plaintiff filed a complaint against defendants-appellees, Flying Z Land Trust Co., Robert Zirpel, Trustee, Service First Inc., and Jimmie Pope[1] for breach of a land installment contract on real property located in Cleveland, Ohio.
 {¶ 3} On November 27, 2002, the trial court sent notice that a case management conference was scheduled for December 18, 2002. The court's journal entry on January 8, 2002 states:
"CMC called 12/18/02; all parties failed to appear. CMC Reset Reset[sic] to 1/16/03 at 2pm. failure of parties to appear shall result indefault or dismissal pursuant to CIV.R 55 or Civ.R. 41(B).
 Book 2861 page 0657 01/08/2003 notice issued[.]"
 {¶ 4} On January 27, 2003, the trial court filed a subsequent entry:
"CMC called 1/16/03. deft's counsel present; pltf again failed toappear. Pursuant to the court's order of 1/8/03 as well as Civ.R. 41(B)and Loc.R. 18, the captioned case is hereby dismissed for want ofprosecution. Final. Court cost assessed to the plaintiff(s). Book 2870Page 0834 01/27/2003 notice issued[.]"
 {¶ 5} From this order, plaintiff appeals, presenting one assignment of error for our review.[2]
"The trial court erred in dismissing plaintiff's case for want ofprosecution as plaintiff's was never properly served with notice ofhearing and/or the case management conference."
 {¶ 6} Plaintiff argues that the trial court erred in dismissing his case under Civ.R. 41(B). Civ. R. 41 states in part:
"(B) Involuntary dismissal: effect thereof.
 "(1) Failure to prosecute. Where the plaintiff fails to prosecute, orcomply with these rules or any court order, the court upon motion of adefendant or on its own motion may, after notice to the plaintiff'scounsel, dismiss an action or claim.
"* * *
"(3) A dismissal under this subdivision * * * operates as anadjudication upon the merits unless the court, in its order fordismissal, otherwise specifies."
 {¶ 7} In conjunction with Civ.R. 41, Cuyahoga County Common Pleas Loc.R. 18 requires the trial court to provide advance notice before it sua sponte dismisses an action for want of prosecution. The rule states as follows:
"Each judge shall quarterly review all civil cases pending on thatjudge's civil docket, except cases awaiting trial assignment. Cases whichhave been on the docket for six months without any proceedings taken,shall, after notice, be dismissed for want of prosecution, unless goodcause be shown to the contrary."
 {¶ 8} On appeal, this court reviews a trial court's decision to dismiss a complaint for failure to prosecute under an abuse of discretion standard. Jones v. Hartranft (1997), 78 Ohio St.3d 368, 371,678 N.E.2d 530.
 {¶ 9} Under Civ.R. 41(B)(1), the trial court must give notice to counsel before the court dismisses an action for want of prosecution. The purpose of requiring notice before dismissal is to provide the party in default with the opportunity to correct the default or to explain why the case should not be dismissed with prejudice. It is "an abuse of discretion by the trial court to dismiss [the] action for want of prosecution where notice was not given to the plaintiff, or to plaintiff's counsel, prior to dismissal that the action would be dismissed." Moorev. Emmanuel Family Training Center, Inc. (1985), 18 Ohio St.3d 64, 70,479 N.E.2d 879; Gelske v. 800 Constr. Co., Cuyahoga App. No. 80163, 2002-Ohio-3434; Warren v. Wholesale Club, Inc., January 14, 1993, Cuyahoga App. No. 61643.
 {¶ 10} In the case at bar, plaintiff argues the trial court erred because its staff attorney told him, by telephone, that the case management conference was scheduled for January 21, 2003, instead of January 16, 2003. Other than plaintiff's bald and unsworn assertion, there is no evidence to support his contention. Further, there is no evidence, by affidavit or otherwise, that plaintiff did not receive the court's two postcard notices of the pretrials held on November 27, 2002 and January 16, 2003. In fact, at oral argument, plaintiff implicitly acknowledged that he had received notice of the November 27th
pretrial. Plaintiff stated he arrived at court for the pretrial that day, but he was late because of bad weather. Moreover, even though the record indicates plaintiff changed his mailing address at some point during the proceedings, there is nothing indicating when that change of address occurred: that is, whether before or after the January 16, 2003 pretrial.
 {¶ 11} The record does show, however, that the trial court gave the required notice before it dismissed plaintiff's case. The trial court sent to the plaintiff notice stating that the case had been assigned for a pretrial conference. Part of the notice states: "CMC Reset Reset [sic] to 1/16/03 at 2pm. Failure of parties to appear shall result in default or dismissal pursuant to Civ.R 55 or Civ.R. 41(B)." The trial court complied with Civ.R. 41(B)(1) by giving plaintiff the required advance notice. Accordingly, plaintiff's sole assignment of error has no merit and is overruled.
Judgment accordingly.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Frank D. Celebrezze, Jr., P.J., and James J. Sweeney, J., concur.
[1] On May 2, 2002, plaintiff filed an amended complaint, adding Reginald Anderson as a defendant.
[2] None of the defendants has filed briefs in this appeal.