DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal of the July 22, 2004 judgment of the Erie County Court of Common Pleas, which dismissed plaintiff-appellant James W. Guest, Jr.'s complaint for failure to provide discovery. For the following reasons, we affirm the trial court's judgment.
 {¶ 2} The relevant facts are as follows. On November 2, 2001, appellant, James Guest, filed a complaint against Erie Metropolitan Housing Authority ("EMHA") and EMHA employees Amy Crawford and Joyce Diaz, alleging, inter alia, that he was wrongfully discharged from his employment as Section 8 director. Appellant claimed that because he was an African American, he was not afforded the same pre-termination administrative due process afforded to Caucasian employees.
 {¶ 3} The record in this case reveals a history of discovery disputes dating back to early 2002. Depositions were scheduled and rescheduled, documents repeatedly requested, and trial dates set and reset. Following a June 28, 2002 pretrial, the trial court ordered that the parties cooperate regarding discovery matters. On December 12, 2003, appellant was granted a default judgment against Joyce Diaz for her failure to participate in the lawsuit.
 {¶ 4} On January 24, 2002, appellees first requested the discovery at issue: appellant's federal, state, and local tax returns from 1999, 2000, and 2001. In November 2003, appellees informally requested the tax returns from 2002.
 {¶ 5} On January 21, 2004, appellees filed a motion to compel appellant to respond to their request for tax returns. In opposition, appellant claimed that he "produced full responses to the discovery requests that are the subject of the Defendants' Motion." Appellees responded that appellant had not, in fact, provided copies of the tax returns. Separately, appellees filed a motion in limine requesting that appellant be prevented from presenting evidence of lost income as damages because he had not complied with appellees' discovery request. Appellant's reply to the motion stated that he did provide the relevant W-2 forms and the tax forms that he had in his possession, with proper redactions.
 {¶ 6} On March 31, 2004, the trial court ordered appellant to produce, by April 19, 2004, the following:
 {¶ 7} "1. Signed, complete copies of plaintiff's local, state and federal tax returns, whether filed jointly or individually, including all schedules, for calendar years 1999, 2000, 2001, 2002 and 2003. These signed copies shall be unredacted.
 {¶ 8} "2. Any documents, records and papers in any way pertaining to plaintiff's receipt of unemployment benefits and other benefits, including but not limited to retirement benefits, following plaintiff's cessation from employment at defendant Erie Metropolitan Housing Authority.
 {¶ 9} "3. Any documents, records and papers in any way showing any and all income or payment which plaintiff has received following plaintiff's cessation from employment at defendant Erie Metropolitan Housing Authority, including, but not limited to payment for work as an attorney."
 {¶ 10} On April 23, 2004, appellant filed a motion for an extension of time to comply with the court's order. Appellant stated that some of the documents requested were not in his possession and would have to be obtained from "the appropriate taxing authorities." The court granted the motion, giving appellant until May 19, 2004, to comply with the order.
 {¶ 11} Appellant filed a second motion for an extension on May 21, 2004. In support of the motion, appellant attached his affidavit stating that he contacted the Internal Revenue Service on May 17, 2004, and that the returns, except for the year 1999, should arrive within ten days. The 1999 return would come as soon as possible thereafter. Appellant was granted leave until June 19, 2004.
 {¶ 12} On June 24, 2004, appellees filed a motion to dismiss the action due to appellant's failure to comply with the court's order. In an order filed July 1, 2004, and journalized on July 22, 2004, the trial court granted appellees' motion and dismissed the action. This appeal followed.
 {¶ 13} Appellant now raises the following assignments of error:
 {¶ 14} "1. The trial court erred in entering default judgment against Plaintiff-Appellant James W. Guest, Jr. without any finding of willfulness or bad faith related to an alleged failure to comply with the Court's discovery order.
 {¶ 15} "2. The trial court erred in ordering Plaintiff-Appellant James W. Guest, Jr. to produce income tax returns when less invasive means of discovery were available to confirm his wage loss."
 {¶ 16} In his first assignment of error, appellant contends that the trial court erroneously entered a default judgment against him without evidence that his failure to comply was willful or in bad faith.
 {¶ 17} Civ.R. 37(B)(2) provides various sanctions that a trial court may impose for failure to comply with a discovery order. Relevant to this case, Civ.R. 37(B)(2)(c) provides that a court may make "[a]n order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party; * * *." Further, under Civ.R. 41(B)(1), where the plaintiff fails to comply with the Civil Rules, including Civ.R. 37, or a court order, the court may dismiss the action after notice to the plaintiff's counsel.
 {¶ 18} The trial court has broad discretion to dismiss a case under Civ.R. 37(B)(2)(c) or Civ.R. 41(B)(1); as such, this court will not reverse the dismissal absent an abuse of that discretion. Quonset Hut,Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46, 47. An abuse of discretion is more than an error of law or judgment; it implies that a court's attitude in reaching its judgment was arbitrary, unreasonable or unconscionable." (Citations omitted.) Id.
 {¶ 19} "Among the factors to be considered by the trial judge in determining whether dismissal under Civ.R. 37 [or Civ.R. 41] is appropriate is the tenant that `disposition of cases on their merits is favored in the law'" Id. at 48, quoting Jones v. Hartranft (1997),78 Ohio St.3d 368, 371. Despite the heightened scrutiny to which dismissals with prejudice are subject, this court will not hesitate to affirm the dismissal of an action when "`the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order.'" Id., citing Tokles Son, Inc. v.Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621, 632, quoting Schreinerv. Karson (1977), 52 Ohio App.2d 219, 223.
 {¶ 20} In the present case, appellant contends that because there was no evidence that appellant willfully failed to respond to the court's order compelling production of the tax returns, dismissal of appellant's case was improper. As set forth above, and as quoted in this court's decision in Merritt v. Trippy (Feb. 12, 1999), 6th Dist. No. WM-97-026, a reviewing court should affirm the dismissal of an action where a party's conduct is sufficiently "negligent, irresponsible, contumacious or dilatory." We believe that this is such a case.
 {¶ 21} In his complaint, appellant claimed compensatory damages in excess of $250,000, in addition to punitive damages. Arguably, the requested tax returns were relevant in defending against appellant's claim of "lost employment compensation." On July 22, 2004, when the case was ultimately dismissed, the discovery requests had been pending for over two years. The court first ordered appellant to produce the documents on March 31, 2004. In that order the court stated that "[i]f plaintiff fails to comply with this order, the suit will be dismissed at plaintiff's costs." Appellant received two 30-day extensions to comply with the order. In his second request for an extension, appellant, in an affidavit, stated that his 2000, 2001 and 2002 tax returns would be available by May 27, 2004. These tax returns were never produced and, at the time the court filed its dismissal order on July 1, 2004, appellant offered no explanation for his failure to comply and no additional motion for an extension of time was made. Based on the foregoing, we find that the trial court did not abuse its discretion by granting appellees' motion to dismiss. Appellant's first assignment of error is not well-taken.
 {¶ 22} Appellant's second assignment of error states that the trial court erroneously ordered him to produce the tax returns absent evidence of a "compelling need" for their disclosure. We again note that the trial court is vested with broad discretion when it comes to discovery matters, and the "standard of review of a trial court's decision in a discovery matter is whether the court abused its discretion." Mauzy v.Kelly Services, Inc. (1996), 75 Ohio St.3d 578, 592.
 {¶ 23} Civ.R. 26(B)(1) provides, in part:
 {¶ 24} "In general. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter."
 {¶ 25} As stated above, appellant's complaint alleged, inter alia, that he suffered "lost employment compensation" as a result of his termination. We cannot say that the trial court abused its discretion in implicitly finding that the requested tax returns were relevant to determining the validity of appellant's claim of economic damages. Had appellant genuinely disputed the relevancy of the requests, he should have filed a motion for a protective order under Civ.R. 26(C). Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 26} On consideration whereof, we find that substantial justice has been done the party complaining, and the judgment of the Erie County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is to pay the court costs of this appeal.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J. and Singer, P.J., concur.