[Cite as *Givens v. Longwell*, 2023-Ohio-3379.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

GREG P. GIVENS,

Plaintiff-Appellant,

v.

JOHN D. LONGWELL,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case Nos. 22 BE 0056, 22 BE 0057, 22 BE 0058**

---

Civil Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case Nos. 22 CV 241, 22 CV 242, 22 CV 243

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

Greg P. Givens, *Pro se*, P.O. Box 117, Bellaire, Ohio  43906, Plaintiff-Appellant and

*Atty. M. Winiesdorffer-Schirripa*, *Atty. G. Thomas Smith*, Smith Law PLLC, 516 West Main Street, Clarksburg, West Virginia  26301, and *Atty. Bradley A. Powell*, Droder & Miller, Co., L.P.A., 250 East Fifth Street, Suite 700, Cincinnati, Ohio  45202, for Defendant-Appellee.

Dated:  September 20, 2023

**HANNI, J.**

{¶1} This matter involves three separate appeals by Plaintiff-Appellant, Greg P. Givens, from three judgments by the Belmont County Common Pleas Court dismissing Appellant's three lawsuits against Defendant-Appellee, John D. Longwell, with prejudice.

{¶2} All of Appellant's claims/cases arise from the same facts. Appellee purchased a house at 3735 Highland Avenue in Shadyside (the House) at a sheriff's sale. The deed transferring title was filed on June 28, 2022. The House was formerly owned by Appellant's grandparents, Joseph and Mary Givens. Joseph Givens died in 2007 and was predeceased by his wife.

{¶3} In case 22 CV 241 (22-BE-0056), Appellant filed a complaint for replevin against Appellee on August 26, 2022. Appellant asserted Appellee took his personal property (including items such as four automobiles, antiques, heirlooms, clothing, pets, and business equipment) on July 6, 2022, by way of wrongful eviction. That same day, Appellant filed an Affidavit of Inability to Prepay Court Costs for this action, requesting that the trial court waive the filing fee.

{¶4} In case 22 CV 243 (22-BE-0057), Appellant filed a complaint against Appellee on August 26, 2022. This complaint asserted what Appellant termed "Constitutional Claims," which included claims for "injury and tort damages," "breach of contract," and "other appropriate claims" and sought a declaratory judgment. That same day, Appellant filed an Affidavit of Inability to Prepay Court Costs for this action, requesting that the trial court waive the filing fee.

{¶5} In case 22 CV 242 (22-BE-0058), Appellant filed a complaint against Appellee on August 26, 2022. This complaint also asserted what Appellant termed "Constitutional Claims," which included claims for "injury and tort damages," "breach of contract," and "other appropriate claims" and sought monetary relief. That same day, Appellant filed an Affidavit of Inability to Prepay Court Costs for this action, requesting that the trial court waive the filing fee.

{¶6} On September 2, 5, and 6, 2022, the trial court filed judgment entries stating that the cases appeared to be refilings of cases 22 CV 206, 22 CV 207, and 22 CV 208, which were previously dismissed without prejudice for failure to pay the filing fees within

the allotted time. The court acknowledged that Appellant once again did not pay the filing fees and instead filed indigency affidavits asking the court to waive the filing fees. The court noted that for the same reason it had put forth in the previous cases, that being that Appellant still owed over $2,000 in unpaid costs for his prior unsuccessful filings, it was declining Appellant's requests to waive the filing fees. The court therefore ordered the clerk to dismiss the cases without prejudice on September 30, 2022, unless Appellant paid the required deposits.

{¶7} Subsequently, on September 15, 2022, Appellant filed a "motion for finding of fact hearing on the court order of September 2, 2022, et al" and a motion for change of venue in each case. The trial court scheduled these motions for hearing on October 4, 2022, and instructed Appellant that he would need to establish that he has a legally recognized ownership interest in, or right to possess, the Highland Avenue property.

{¶8} On October 3, 2022, Appellant filed motions to continue the October 4 hearing due to his recent exposure to Covid-19 stating that he was exhibiting symptoms and was under quarantine. The trial court granted the motions on October 4, and rescheduled the hearing for October 25, 2022. The court further ordered Appellant to provide, in advance, written proof of the cause stated in his motion to continue.

{¶9} On October 12, 2022, Appellant filed objections to the trial court's order to provide written proof of the cause stated in his motion to continue. The trial court overruled Appellant's objections on October 13, 2022, stating that there was no authority for the objections. The court further questioned whether Appellant had attempted to mislead the court, noting: "This Court is aware that on August 15, 2022, Petitioner, now Plaintiff herein, Greg Givens, filed a Motion to Continue his case before the Magistrate. That Motion is practically identical to Plaintiff's said October 3, 2022 Motion to Continue." The court stated this was the reason for its requirement that Appellant provide written proof of his Covid-19 claim.

{¶10} Next, on October 17, 2022, the Ohio Supreme Court filed an entry giving notice that Appellant had filed affidavits of disqualification seeking to disqualify the trial court in each of the three cases. The Supreme Court later denied the disqualification.

{¶11} On October 25, 2022, the trial court held the re-scheduled hearing on Appellant's motions for findings of fact hearing and change of venue. Appellant failed to

appear. Appellant also failed to provide, in advance, written proof of his cause stated in his motion to continue as ordered by the court. Consequently, the court overruled Appellant's motions for findings of fact hearing and change of venue based on lack of proof given Appellant's failure to appear and failure to prosecute. Additionally, the court dismissed Appellant's complaints stating: "Further, based upon Plaintiff's failure to appear and his failure to comply with the Order of this Court that he provide advance written proof of his claims in his Motion to Continue, this Court dismisses this case, with prejudice to refiling." In a subsequent judgment entry, the trial court noted that Appellant had filed another motion to continue later in the day and after the hearing of October 25, 2022. The court overruled Appellant's motion as moot.

{¶12} Appellant filed timely notices of appeal on November 2, 2022.

{¶13} Appellant now sets out the same five assignments of error in each of the three cases. Each of the assignments of error assert that the trial court erred in dismissing Appellant's cases. Thus, we will address them together.

{¶14} Appellant's first assignments of error state:

TRIAL COURT ABUSED ITS DISCRETION IN DENYING PLAINTIFF'S AFFIDAVIT OF INDIGENCY, SO AS PREPARED ON FORM IN COMPLIANCE WITH THE OHIO LEGISLATURE, AND SECTION §2323.311 OF THE OHIO REVISED CODE, SO DEPRIVING PLAINTIFF OF THE DUE PROCESS OF LAW, AND THE EQUAL PROTECTION OF LAW, AND ACCESS TO FUNDAMENTAL RIGHTS, BECAUSE HIS INCOME FALLS BELOW THE POVERTY LEVEL, AS APPROVED BY FEDERAL AND STATE LAW GUIDELINES AND AGENCY, AND AS APPLIED TO EVERYONE ELSE IN THE SAME CIRCUMSTANCES [sic].

{¶15} Appellant's second assignments of error state:

TRIAL COURT ERRED IN THE INSTANT DISMISSAL OF TRIAL AND COMPLAINT, AND DID SO WITHOUT HEARING OR OPPORTUNITY FOR INQUIRY INTO THE POVERTY STATUS AND SUBJECTING PHYSICAL EXAMINATION OF PLAINTIFF, PRIOR TO OBJECTIONS, DISCOVERY, OR TRIAL, DEPRIVING PLAINTIFF OF FUNDAMENTAL

RIGHTS OVER TO THE FAVOR OF THE DEFENDANT, AND TO THE PLAINTIFF'S FIRST AMENDMENT TO THE U.S. CONSTITUTION, AND THE DUE PROCESS OF LAW, AND AS GUARANTEED BY ARTICLE I OF THE OHIO STATE CONSTITUTION, AND IN VIOLATION OF THE CANNON OF JUDICIAL CONDUCT AND IN FAILURE TO RECUSE, HOLDING EACH AND EVERY CASE OF THE PLAINITFF, AND LACKING RANDOM STRAW POLL OF JUDGES [sic].

**{¶16}** Appellant's third assignments of error state:

TRIAL COURT ERRED IN FAILURE TO ADHERE TO, AND OBEY OHIO STATUTE, HIGHER COURT OPINIONS, DETERMINATION, MANDATES OF THE OHIO SUPREME COURT, AND DISTRICT COURT OPINIONS, ISSUED ACCORDINGLY [sic].

**{¶17}** Appellant's fourth assignments of error state:

TRIAL COURT ERRED IN DISMISSAL OF COMPLAINT FOR REASONS AND PREJUDICES STATED IN ARBITRARY AND UNIQUE ORDERS TO PLAINTIFF ALONE, REQUIRING THE SUBMISSION OF UNIQUE AND EXTRAORDINARY FILINGS, OR RE-FILINGS, IN ADDITION TO EACH OF THE PLAINTIFF'S STANDARD FILINGS WITH THE COURT, IN THAT OF AFFIDAVITS REAFFIRMING FACTS IN EVIDENCE, OF THE SAME ALREADY AFFIRMED AND REPEATED, THAT WAS NOT REQUIRED OF ANY OTHER LITIGANT, OR OPPOSING PARTY OR COUNSEL, AND DIRECTED SOLELY AT THE PLAINTFF, ALONE, AND WHERE LOCAL RULES, OR CIVIL RULES DO NOT ADHERE TO CLEAR AND CONCISE INTERPRETATIONS OF LAW, SO DENYING DUE PROCESS TO THE PLAINTIFF [sic].

**{¶18}** Appellant's fifth assignments of error state:

TRIAL COURT ERRED IN DISMISSAL OF COMPLAINT FOR REASONS NOT PRESENTED BY DEFENDANT(S), IN MOTION TO DISMISS, OR BY SUMMARY JUDGMENT [sic].

{¶19} Appellant argues that the trial court violated his rights by refusing to waive the filing fees and subsequently dismissing his cases. But as Appellee points out, this was not the basis of the trial court's dismissal in these case. Appellant does not make any argument relating to the trial court's actual reason for dismissal in this case.

{¶20} Pursuant to Civ.R. 41(B)(1): "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." A dismissal under Civ.R. 41(B) operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies. Civ.R. 41(B)(3).

{¶21} The decision to dismiss a complaint for failure to prosecute is within the trial court's sound discretion. *Jones v. Hartranft*, 78 Ohio St.3d 368, 371, 678 N.E.2d 530 (1997). Thus, an appellate court's review is confined solely to the question of whether the trial court abused its discretion. *Id*. Abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶22} Although our standard of review is abuse of discretion, we must keep in mind that the law favors the disposition of cases on their merits. *Jones*, 78 Ohio St.3d at 371. Therefore, although reviewing courts apply an "abuse of discretion" standard of review for dismissals with prejudice, that standard is actually heightened when reviewing decisions that forever deny a plaintiff a review of a claim's merits. *Id*. at 372.

{¶23} Proper factors for consideration in a Civ.R. 41(B)(1) dismissal with prejudice include evidence that the plaintiff is deliberately proceeding in dilatory fashion or has done so in a previously filed, and voluntarily dismissed, action. *Id*.

{¶24} In these cases, on September 2, 5, and 6, 2022, the trial court informed Appellant that his cases would be dismissed without prejudice if he failed to pay the filing fees associated with them. Appellant then filed motions in each case for a change of venue and for findings of fact relating to the previous judgment entries. The trial court set Appellant's motions for a hearing on October 4, 2022. The court informed Appellant that

he would also have to establish at the October 4 hearing that he has a legally recognized interest in or right to possess the property at issue.

**{¶25}** The day before the scheduled hearing, on October 3, Appellant filed a motion for a continuance of the hearing stating that he was quarantined due to exposure to Covid-19. On October 4, the trial court granted Appellant's requested continuance but ordered Appellant that in order to continue, he was required to provide the court with written proof of the cause stated in his motion, i.e., proof of his Covid-19 diagnosis/quarantine. Appellant next filed objections to the court's order. The court then, on October 13, overruled the objections explaining:

> [T]his Court questions whether Plaintiff [Appellee] has attempted to mislead
> this Court. This Court is aware that on August 15, 2022, Petitioner, now
> Plaintiff herein, Greg Givens, filed a Motion to Continue in his case before
> the Magistrate. That Motion is practically identical to Plaintiff's said October
> 3, 2022, Motion to Continue.
> This explains the Court's order filed October 4, 2022, listing the requirement
> that Plaintiff provide, in advance, written proof of his alleged claim.

(October 13, 2022 JE). Thus, the trial court had reason to believe Appellant was deliberately proceeding in dilatory fashion.

**{¶26}** Additionally, Appellant failed to comply with the court's order to provide advanced written proof of his alleged claim (that he required a continuance because of a Covid-19 quarantine). And Appellant failed to establish that he has a legally recognized interest in or right to possess the property at issue as ordered by the court. Moreover, Appellant failed to appear at the October 25 re-scheduled hearing on his motions, which the court had rescheduled on Appellant's request.

**{¶27}** Given the above circumstances, we cannot conclude the trial court abused its discretion in dismissing Appellant's complaints for failure to prosecute and failure to comply with the orders of the court.

Case Nos. 22 BE 0056, 22 BE 0057, 22 BE 0058

{¶28} Appellant's assignments of error are without merit and are overruled.

{¶29} For the reasons stated above, the trial court's judgments are hereby affirmed.

Waite, J., concurs.
Robb, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgments of the Court of Common Pleas of Belmont County, Ohio, are affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**