OPINION
{¶ 1} Defendant-appellant, Dorothea Parayiou ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas, which purportedly denied her motion under Civ.R. 60(B) to vacate the default judgment previously entered against her. Plaintiff-appellee, Aristotle R. Matsa ("appellee"), moved this court to dismiss appellant's appeal for lack of a final appealable order.
 {¶ 2} On September 19, 2003, appellee filed a complaint for money damages and other relief against appellant and other individuals. Appellee argues that appellant, a Greek national, was properly served with the complaint that same day. Appellant argues that proper service was never accomplished.
 {¶ 3} On October 21, 2003, appellee filed a motion for default judgment against appellant. In his motion, appellee demanded judgment against appellant in the amount of $5 million, plus interest, as well as other relief.
 {¶ 4} On October 29, 2003, the court granted default judgment against appellant. That entry and order states: "A Hearing to determine the amount of damages will be held before Magistrate Brown of this Court on November 19, 2003 at 9:00 A.M."
 {¶ 5} On November 17, 2003, appellant filed an answer to the complaint. Appellant did not raise failure of service as a defense.
 {¶ 6} Entries on November 21, 2003, and December 30, 2003, rescheduled the damages hearing.
 {¶ 7} On December 30, 2003, appellant filed a motion to vacate the default judgment under Civ.R. 60(B). Appellee opposed the motion.
 {¶ 8} On December 31, 2003, pursuant to a December 30, 2003 motion by appellant, the court vacated the damages hearing.
 {¶ 9} On April 19, 2004, the court held a motions hearing. During that hearing, the court heard oral argument on whether to grant appellant's motion to vacate the default judgment. Following arguments by appellant's counsel and appellee's counsel, the transcript reflects the following dialogue regarding the motion to vacate:
The Court: Okay. Did I grant default judgment?
Mr. Pappas: Yes, Your Honor.
The Court: All right. That motion is denied.
* * *
Mr. Wittenberg: I want to make sure that I understand what you said. That motion that is denied, referred to the 60-B?
The Court: Yes.
Mr. Wittenberg: Are you referring to the 60-B?
The Court: Yes. * * *
(Tr. at 118-119.)
 {¶ 10} On April 13, 2005, the court issued an entry purporting to record the decisions made during the motions hearings in April and June 2004. The entry did not include the court's decisions on appellee's motion for default judgment or appellant's motion to vacate default judgment.
 {¶ 11} On May 9, 2005, appellant filed a notice of appeal from the April 13, 2005 entry.
 {¶ 12} On May 10, 2005, the trial court issued an entry, which states:
The parties held a status conference on April 26, 2005. At the conference, the parties agreed that the following motions listed as pending have been previously decided or terminated by the Court or the parties.
Accordingly, it is hereby
ORDERED that the Motion for Default Judgment filed October 21, 2003, is GRANTED. It is further
* * *
ORDERED that the Motion to Vacate Damages Hearing, filed December 30, 2003, is DENIED. It is further
ORDERED that the Motion to Vacate Judgment, filed December 30, 2003, is GRANTED. * * *
 {¶ 13} On May 18, 2005, appellant amended her notice of appeal, citing both the April 13, 2005 entry and the May 10, 2005 entry.
 {¶ 14} On appeal, appellant raises two assignments of error:
1. The trial court erred in finding that there was proper service of process upon the appellant in this case. As the default judgment granted was void ab initio, the trial court erred in denying the Appellant's Motion to Vacate Default Judgment.
2. As all elements of the GTE Automatic test had been met by the Appellant's Motion to Vacate Default Judgment, the trial court abused its discretion in denying said Motion.
 {¶ 15} While opposing appellant's assignments of error, appellee also moved to dismiss appellant's appeal on the grounds that there exists no final appealable order.
 {¶ 16} Before reaching the merits of appellant's appeal or appellee's motion to dismiss, we must address the discrepancy between the transcript of the April 19, 2004 hearing, during which the court denied appellant's motion to vacate the default judgment, and the May 10, 2005 entry, in which the court granted appellant's motion. Neither party notes or otherwise addresses this discrepancy, nor the impact of the May 10, 2005 entry. And neither party has amended our record to include a correction or clarification of the May 10, 2005 entry.
 {¶ 17} It is axiomatic that a "court of record speaks only through its journal and not by oral pronouncement." Evans v. Evans (Sept. 20, 2001), Franklin App. No. 00AP-1459, citing Schenley v. Kauth (1953),160 Ohio St. 109, paragraph one of the syllabus. Such oral pronouncements are subject to revision before journalization and, therefore, are not reflective of the court's final decision. See State ex rel. Marshall v.Glavas, 98 Ohio St.3d 297, 2003-Ohio-857.
 {¶ 18} Here, while the court's April 19, 2004 oral pronouncements suggest that the court denied appellant's motion to vacate default judgment, the court's May 10, 2005 entry states that it granted appellant's motion. Therefore, through its May 10, 2005 entry, the court granted appellant's motion and vacated the default judgment.
 {¶ 19} Ordinarily, we would have no choice but to overrule appellant's assignments of error. See R.C. 2309.59 (requiring the court to disregard any error in the proceedings that "does not affect the substantial rights of the adverse party"). Here, however, we do not reach the assignments of error because the trial court's judgment is not a final appealable order.
 {¶ 20} Because the October 29, 2003 order continued the issue of damages (and the record reflects no hearing as yet to establish damages against appellant), the October 29, 2003 order was an interlocutory order not subject to Civ.R. 60(B) relief, and appellant's December 30, 2003 motion to vacate default judgment is more properly characterized as a motion for reconsideration. Further, given that the October 29, 2003 default judgment was not a final order, it follows that any subsequent order purporting to vacate that judgment likewise is not a final order. See Beck-Durell Creative Dept., Inc. v. Imaging Power, Inc., Franklin App. No. 02AP-281, 2002-Ohio-5908; Schelich v. Theatre Effects, Inc.
(1996), 111 Ohio App.3d 271, 272; Thorpe v. Oakford (Jan. 19, 1996), Portage App. No. 94-P-0057; Ford v. Estate of Tonti (June 15, 1995), Franklin App. No. 94APE10-1488.
 {¶ 21} Because our jurisdiction is limited to review of final appealable orders, we dismiss appellant's appeal.
Appeal dismissed.
Bryant and Travis, JJ., concur.