{¶ 1} Defendants-appellants Joel I. Newman, Joseph Carey and Maingate Shopping Center ("Maingate") appeal a default judgment issued against them as a discovery sanction pursuant to Civ.R. 37. We reverse and remand.
 {¶ 2} The relevant facts follow. For a number of years, appellant Newman, an attorney, represented plaintiff-appellee Anthony Gray in various matters, both as retained counsel and on a pro bono basis. In 1993, Gray sustained a head injury, and attorney Newman helped arrange a conservatorship for him. Attorney Newman also represented Joseph Carey and Maingate, parties involved in a laundromat business. When Gray indicated to attorney Newman his interest in obtaining a small business, Newman suggested the laundromat owned by his clients Carey and Maingate. Newman did not represent Gray in this transaction. Gray entered into an agreement with Carey and Maingate directly; the laundromat was unsuccessful, and after several months, Gray abandoned the business.
 {¶ 3} A lawsuit followed and Gray, represented by counsel (not Newman) settled the matter by consenting to a judgment against him for $38,822.25, and further entering into a forbearance agreement that provided that, if Gray paid $5000 on or before a date certain, Carey and Maingate would accept that payment in full satisfaction of the debt. Gray did not pay, and hence the full debt, $38,822.25, became a judgment. Judgment liens were issued (the record is silent as to whether *Page 4 
the liens ever recovered money) and ultimately Gray filed a Chapter 13 bankruptcy petition in federal court.
 {¶ 4} Gray thereafter filed a complaint against attorney Newman with the Disciplinary Counsel, and ultimately the Ohio Supreme Court sanctioned attorney Newman for his involvement in this transaction, concluding that it presented a conflict. Cuyahoga Cty. Bar Assn. v.Newman, 102 Ohio St.3d 186, 2004-Ohio-2068, 808 N.E.2d 375. Attorney Newman was suspended from the practice of law for one year, with six months stayed, and ordered to pay Gray the sum of $1500, money that Gray had paid to resolve a water bill belonging to a previous tenant in order that the laundromat might open. Id.
 {¶ 5} On December 27, 2004, Gray filed a complaint against Newman, Carey and Maingate, alleging theft. On April 15, 2005, he served a request for production of documents upon the defendants. Newman, representing himself pro se, and Carey and Maingate, acting through counsel, were dilatory in their responses to that request. Gray alleges that those documents were never, in fact, produced.
 {¶ 6} Gray filed pleadings requesting default as the discovery sanction. In particular, on August 19, 2005, Gray filed his "Motion for Judgment Under R. 37(D)"-requesting default as a sanction for failure to produce the documents. One month later, he filed another motion cryptically entitled "Plaintiffs Motion to Advance to Judgment" which reads as another motion for default as a discovery sanction. *Page 5 
Both these motions were denied without opinion. The court issued no orders compelling discovery at that juncture of the proceeding.
 {¶ 7} At a pretrial on February 22, 2006, the court finally ordered outstanding discovery to be completed six days later, February 28, 2006, and set this matter for trial for June 15, 2006. On March 7, 2006, Gray filed a motion to compel (alleging the discovery had not been produced) and a request for sanctions. Three weeks later, on March 27, 2006, the trial court, without notice or a hearing, granted the motion to compel and for sanctions "as unopposed," and rendered default against the defendants. At that time, the court set a hearing on damages to be held on June 15, 2006.
 {¶ 8} The defendants finally answered Gray's motion to compel by filing a motion to set aside the default or, in the alternative, to make a finding that there were no damages. This motion was denied.
 {¶ 9} The damage hearing was set and reset six separate times. Finally, on February 12, 2007, the court journalized that a hearing was held on damages, and marked the matter "heard and submitted." On that date, the court ordered judgment of $165,366.75 (treble damages) plus statutory interest against Newman, Carey and Maingate. It is from this order that appellants appeal.[1] *Page 6 
 {¶ 10} Appellants argue error in granting the default and/or finding damages exists in this matter, and allege five assignments of error. For ease of resolution, we will address these assignments in tandem, and when appropriate, out of order.
 {¶ 11} Appellants' fourth assignment of error alleges that the trial court erred in awarding any damages to Gray, as the evidence presented demonstrated no causal connection between the alleged basis for liability and purported damages. The fifth assignment of error states that the trial court erred in granting judgment for Gray as the complaint failed to state a viable legal claim against appellants for which liability could be imposed.
 {¶ 12} It is first important to make clear that we share the frustration of the two trial judges involved in this case with the casual attitude of appellants in responding to what appears to be a minimal discovery request. That request remained pending almost two years and was the subject of numerous requests by Gray for default as a discovery sanction. Additionally, those sanctions were twice denied by the court, thereby providing appellants additional time to respond.
 {¶ 13} This opinion in no fashion stands for the proposition that sanctions for failure to respond to discovery are not appropriate; we limit our inquiry to whether a *Page 7 
default and the resulting treble damage award were appropriate here under the facts and circumstances as existing in this matter.
 {¶ 14} Civ.R. 37(B)(2) grants courts authority to sanction a party for failure to provide discovery: "* * * the court in which the action is pending may make such orders in regard to the failure as are just, [including] * * * an order * * * dismissing the action or proceeding * * *, orrendering a judgment by default against the disobedient party[.]" Dismissals and default judgments are the most severe sanctions available. Although Civ.R. 37 itself requires the court to give notice to counsel that it is considering dismissal or default as the appropriate sanction, Quonset Hut, Inc. v. Ford Motor Co. (1997),80 Ohio St.3d 46, 684 N.E.2d 319, holds that the notice requirement is satisfied, "when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." Pursuant to Sazima v. Chalko, 86 Ohio St.3d 151,1999-Ohio-92, 712 N.E.2d 729, implied notice of a trial court's intention to dismiss exists when a party is on notice that the opposing party has requested dismissal. In this case, Gray requested default by motion, and under the authority of Quonset Hut, supra, that was sufficient notice that a default sanction was "in play."
 {¶ 15} We will now determine whether the notice here gave appellants reasonable opportunity to defend against default. While two previous motions requesting default were denied by the court without opinion, the motion in question was filed March 7, and granted as "unopposed" on March 27. We note at this *Page 8 
juncture that the trial court failed to set a hearing date as required under Civ.R. 55. In Ohio Citizens Trust Co. v. MacKinnon (Mar. 18,1977), Lucas App. No. L-76-285, the Sixth Appellate District, in analyzing a default judgment issued as a discovery sanction under Civ.R. 37, held that the court is required to set a hearing date pursuant to the dictates of Civ.R. 55. Likewise, Mobley v. Palmer, Monroe App. No. 833, 2001-Ohio-3526, held:
 {¶ 16} "Pursuant to Civ.R. 55, when a party defending a claim has failed to plead or otherwise defend that claim, the court may, upon motion, enter a default judgment on behalf of the party asserting the claim. (Citation omitted.) However, if the party defending the action has made an appearance in the action, as appellants have done in this case, the trial court must provide that party with seven days notice of the hearing on the motion for default judgment prior to entering judgment. AMCA Internatl. Corp. v. Carlton (1984), 10 Ohio St.3d 88,461 N.E.2d 1282. `The Civ. R. 55(A) notice requirement must be complied with even when a default judgment is imposed as a Civ. R. 37 sanction.'Cunningham v. Garruto (1995), 101 Ohio App.3d 656, 660, 656 N.E.2d 392."
 {¶ 17} Appellants further cite Buckeye Supply Co. v. NortheastDrilling Co. (1985), 24 Ohio App.3d 134, 493 N.E.2d 964 and Am. BankersIns. Co. of Florida v. Leist (1962), 117 Ohio App 20, 189 N.E.2d 456, which hold that a judgment by default cannot properly be based upon a complaint which does not state a colorable cause of action. These default cases, however, refer to Civ.R. 55 cases (default *Page 9 
where a party fails to file a responsive pleading), and not Civ.R. 37 discovery sanction cases. Nonetheless, this district has held that a default issued as a discovery sanction requires a valid underlying cause of action. Lavelle v. Lee A. Gettling, Inc. (Mar. 15, 2001), Cuyahoga App. No. 77684.
 {¶ 18} Appellants argue in great detail that the underlying cause of action here, theft, not only does not state a cause of action under the facts of this case,[2] but even if it did, such cause would be barred by the statute of limitations. They further argue that even if Gray did state a cause of action, and that action was not barred by the statute of limitations, there was no proximate cause between their actions and any damages. We are aided in our analysis of this argument by the facts as found by the Ohio Supreme Court in Cuyahoga Cty. Bar Assn. v.Newman, supra, and the Certified Supreme Court Record filed in this case.
 {¶ 19} It is not the role of this court to rule on a non-existent motion to dismiss pursuant to Civ.R. 12(B)(6), or upon a motion for summary judgment, again, not before this court. (That, alas, must awaitGray v. Newman II or III.) But we do find substantial evidence that, if not rebutted, would result in a conclusion that there is no cause of action here; that if there were a cause of action, it would be barred by the statute of limitations; and, that if there were a cause of action filed appropriately within the statute, no damage proximately resulted therefrom. *Page 10 
 {¶ 20} Finally, we are persuaded by a decision of this district entitled Cuyahoga Metro. Hous. Auth. v. Watson, Rice Co., Cuyahoga App. Nos. 83230 83633, 2004-Ohio 6413. In that matter, a $6 million default sanction was reversed and remanded to the trial court for consideration of a lesser sanction. This court held that "[t]he standard of review for a trial court's order granting sanctions in matters of discovery is abuse of discretion. `The granting of a default judgment * * * is a harsh remedy which should only be imposed when the actions of the faulting party create a presumption of wilfulness or bad faith.' Alternative sanctions available should be considered first. The propriety of the sanction imposed should be evaluated after considering the history of the case, the facts and circumstances surrounding the noncompliance, including the number of opportunities and the length of time within which the faulting party had to comply with the discovery or the order to comply, what efforts were made to comply, the ability or inability of the faulting party to comply, and any other appropriate factors." Id. at ¶ 19, quoting Toney v. Berkemer (1983),6 Ohio St.3d 455, 458-459; Russo v. Goodyear Tire and Rubber Co. (1987),36 Ohio App.3d 175, 179. (Other citations omitted.)
 {¶ 21} We find here that the degree of sanction imposed is disproportionate to the seriousness of the infraction,[3] and accordingly find that the court abused its discretion. *Page 11 
 {¶ 22} In appellants' second assignment of error, they argue that the trial court erred in denying them the opportunity to present any evidence or legal argument at the January 31, 2007 hearing on the amount of damages, if any, that should be assessed, thereby depriving them of their constitutional right to due process of law. Insofar we are vacating the default judgment in its entirety, and remanding this matter to the trial court to rehear the sanction, that issue is moot.
 {¶ 23} Finally, in their third assignment of error, appellants argues that the trial court erred in granting judgment against appellant Joseph Carey as the court lacked subject matter jurisdiction over him in this matter. This argument was not made below, and hence will not be considered on appeal. In the matter of Ruth Lipford, Cuyahoga App. Nos. 88267 88444, 2007-Ohio-3527, ¶ 29.
Reversed and remanded.
It is ordered that appellants recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] The first assignment of error alleged by appellants is that the trial court erred in denying their motion for relief from judgment or in the alternative finding no damages owing. We address in this footnote only the issue of relief from judgment.
After the default judgment, but before the damage judgment, appellants filed a motion to vacate the default judgment pursuant to Civ.R. 60(B). Civ.R. 60(B), however, applies only to final orders, and the order of default without damages was only an interlocutory order. Matsa v.Michael Powers Investigations, Inc., Franklin App. No 05AP-453, 2005-Ohio-5170,1}20. To the extent that appellants appeal from the denial of the motion pursuant to Civ.R.60(B), that denial was not a final appealable order, and appeal upon that issue only is dismissed.
[2] Gray alleges that sums paid under the contract of purchase plus the settlement into which he entered constituted a "theft."
[3] A first order to compel production of documents issued February 22, 2006, and a default involving treble damages rendered a month later.
 MARY J. BOYLE, J., CONCURS *Page 12