[Cite as *Amtrust N. Am., Inc. v. Novus Credit Solutions, Inc.*, 2012-Ohio-4272.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97499**

## AMTRUST NORTH AMERICA, INC.

PLAINTIFF-APPELLEE

vs.

## NOVUS CREDIT SOLUTIONS, INC., ET AL.

DEFENDANTS-APPELLANTS

### JUDGMENT:
### REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-734890

**BEFORE:** Blackmon, A.J., Stewart, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 20, 2012

**ATTORNEY FOR APPELLANT**

Christopher M. Ernst
Bricker & Eckler, LLP
1001 Lakeside Avenue East
Suite 1350
Cleveland, OH 44114


**ATTORNEYS FOR APPELLEE**

Laura L. Watson
Stephen D. Williger
Thompson Hine, LLP
3900 Key Tower
127 Public Square
Cleveland, OH 44114

PATRICIA ANN BLACKMON, A.J.:

{¶1} Appellant Adam Kohn ("Kohn")[1] appeals a default judgment issued against him as a discovery sanction pursuant to Civ.R. 37. Kohn assigns the following error for our review:

> **I. The trial court erred when it issued a sanction of default judgment against co-appellant Adam Kohn.**

{¶2} Having reviewed the record and pertinent law, we reverse the trial court's judgment and remand for further proceedings.

## Facts

{¶3} AmTrust North America, Inc. ("AmTrust") is a property and casualty insurer specializing in workers' compensation and commercial lines of coverage for small to mid-sized businesses. In March 2009, appellee AmTrust hired Novus Credit Solutions, Inc. ("Novus") to collect past due accounts owed to AmTrust by AmTrust's customers.

{¶4} On August 23, 2010, AmTrust filed a complaint against Novus and Kohn because it believed Novus was not remitting the amounts collected to AmTrust. Kohn, at the time, was a shareholder of Novus. AmTrust alleged breach of fiduciary duty, conversion, fraud, negligent misrepresentation, breach of contract, as well as an action for

---

[1]Novus also filed an appeal; however, it later filed a motion to withdraw and to dismiss its appeal, which we granted.

an accounting. After leave to plead was granted by the trial court, attorney Charles P. Royer filed an answer on October 22, 2010, on behalf of Novus and Kohn.

{¶5} The trial court initially set the discovery cut-off date for February 21, 2011. However, based on a joint motion filed by the parties, the discovery cut-off date was extended to April 15, 2011. The record indicates that on February 17, 2011, the trial court scheduled a teleconference on March 7, 2011, to discuss a discovery dispute. As a result of the teleconference, the trial court ordered "the defendant" to produce the requested financial records by March 14, 2011.

{¶6} On March 10, 2011, attorney Royer filed a motion to withdraw as counsel for both defendants and requested an in camera hearing to discuss the reasons for the withdrawal. The trial court later stated the reason for Royer requesting the withdrawal was due to ethical issues with his clients.

{¶7} On March 11, 2011, AmTrust filed a motion for default sanctions against Novus and Kohn pursuant to Civ.R. 37(D). The basis for the motion was the fact that the CEO of Novus, Daniel Kalish, failed to appear for his debtor's deposition on March 10, 2011,[2] and that the defendants continued to refuse to produce their banking and financial records. On March 16, 2011, AmTrust filed a supplement to its motion for default

---

[2]Because Kalish was involved in a bankruptcy proceeding, AmTrust pursued its action against Kalish in bankruptcy court. AmTrust alleges that due to the identical discovery problems it had with Kalish in bankruptcy court, it received a default judgment against Kalish.

judgment, stating the court had ordered the defendants by telephone to produce the financial records by March 14, 2011, and that the defendants had failed to do so.

{¶8} The trial court scheduled the sanctions hearing for April 6, 2011, without first ruling on Royer's motion to withdraw. Royer filed a motion to continue because he was scheduled to be in trial on another matter. The trial court, thereafter, rescheduled the matter for April 25, 2011. Royer requested another continuance because he had a previously scheduled vacation at that time. According to attorney Royer's affidavit attached to his motions for continuances, he had informed the trial court that James V. Loiacono had advised the trial court's staff attorney that he would be representing the defendants, and Royer had sent the new attorney notice of the hearing.

{¶9} The trial court entered an order on May 4, 2011, stating that a default hearing had been conducted and that the default motion would be "held in abeyance." The court stated that "any perceived discovery noncompliance shall be reported to the court immediately" and set July 29, 2011, as the new discovery cut-off date. The court also granted attorney Royer's motion to withdraw as counsel.

{¶10} A telephone conference was scheduled on June 20, 2011, to discuss issues regarding discovery. AmTrust's counsel appeared for the telephone conference, but no one on behalf of the defendants appeared. The court scheduled the matter for a show cause hearing on June 27, 2011. After conducting the hearing, the court held as follows:

> **Plaintiff's counsel was present. Defendants' counsel was contacted by phone. Defendants' counsel inadvertently neglected to file a notice of appearance and represented to the court that he would file one today.**

**Parties are ordered to converse this week on the issue of outstanding discovery. Any discovery dispute shall be immediately brought to the court's attention and will be set for hearing on the record.**

**The discovery cut off date is hereby vacated. Parties are to report to the court by 7/08/2011 with a mutually agreed upon discovery cut-off date. Any intentional actions that result in delay of the discovery proceedings shall be subject to a sanctions hearing.** Judgment Entry, June 29, 2011.

{¶11} The parties agreed to a new discovery cut-off date of November 30, 2011, conditioned on the defendants producing their financial records by July 30, 2011. All other written discovery and the taking of depositions were subject to the November 30, 2011 date.

{¶12} On July 21, 2011, almost one month after the trial court directed him to do so, attorney Loiacono filed a notice of appearance with the trial court in which he stated he was representing, "defendant, Novus Credit Solutions." The notice made no mention of Adam Kohn.

{¶13} On August 26, 2011, AmTrust again filed a motion for default judgment based on defendants' failure to produce the requested documents by July 30, 2011, as agreed. The trial court conducted a hearing on October 3, 2011. AmTrust's counsel was present, but attorney Loiacono claimed to have a conflict and sent an attorney from another office to appear on his behalf.

{¶14} The trial court concluded on the record that "I have never seen in seven years on the bench, a history of just blatant non compliance in a case." The trial court told the attorney appearing on Loiacono's behalf, "[Y]ou've done your best to represent

counsel, your clients really should be here on something as important as this. Obviously they don't take the orders of the court very seriously. And they have not — they have failed to comply. I think this court is well within its right to grant default judgment." The court then entered an order granting default judgment in favor of AmTrust in the amount of $131,047.907, along with costs, and statutory interest.

## Default Judgment

{¶15} In his sole assigned error, Kohn argues the trial court erred by sanctioning him by entering a default judgment.

{¶16} An appellate court reviews discovery rulings made by a trial court under an abuse of discretion standard. *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254, 256, 1996-Ohio-159, 662 N.E.2d 1. Civ.R. 37(B)(2) grants courts authority to sanction a party for failure to provide discovery: "[T]he court in which the action is pending may make such orders in regard to the failure as are just, [including] * * * an order * * * dismissing the action or proceeding * * *, or rendering a judgment by default against the disobedient party[.]" However, "the harsh remedies of dismissal and default should only be used when the * * * failure to comply has been due to * * * willfulness, bad faith or any fault of the petitioner." *Toney v. Berkemer*, 6 Ohio St.3d 455, 458, 453 N.E.2d 700 (1983).

{¶17} Kohn contends that the trial court abused its discretion by ordering that the default judgment applied to him as well as Novus. He contends that when attorney Royer withdrew from representing him and Novus, attorney Loiacono filed an appearance

as to Novus, not him. Therefore, he contends he was unrepresented and never received notice as to the default judgment proceedings.

{¶18} AmTrust claims that attorney Loiacono made various representations to the court and to AmTrust that he was representing both Kohn and Novus. However, our review of the trial court's docket shows that a formal notice of appearance was filed by attorney Loiacono on Novus's behalf only. There was no formal notice of appearance filed on Kohn's behalf.

{¶19} Upon AmTrust informing the trial court that it had not received the documents that the defendants had promised would be provided by July 30, 2011, the trial court ordered AmTrust to "notify the defendants of the date and time of the [sanctions] hearing via certified mail receipt * * *." AmTrust then sent the notice for both Novus and Kohn to attorney Loiacono. Thus, Kohn did not receive notice of the default hearing. Pursuant to Civ.R. 55(A): "If the party against whom judgment by default is sought has appeared in the action, he (or if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application." (Emphasis added.) Here, Kohn did not have an attorney, therefore, it was crucial for AmTrust to serve Kohn personally with notice of the hearing, which it failed to do. Without the requisite notice and hearing under Civ.R. 55(A), a default judgment is void and shall be vacated upon appeal. *Hartmann v. Ohio Crime Victims' Reparations Fund*, 138 Ohio App.3d 235, 741 N.E.2d

149 (10th Dist.2000); *Miamisburg Motel v. Huntington Nat'l. Bank*, 88 Ohio App.3d 117, 623 N.E.2d 163 (2d Dist.1993).

{¶20} We appreciate AmTrust's argument that a party's claim of not receiving notice of a default is more appropriately raised in a Civ.R. 60(B) action, where the party may present evidence in an affidavit as to whether the party did not receive notice. *See Miamisburg*, 88 Ohio App.3d at 124. However, in the instant case, the evidence strongly supports Kohn's claim that he did not receive notice of the default. For example, the trial court directed AmTrust to provide notice to Kohn and AmTrust's affidavit of service showed that only attorney Loiacono was served on behalf of both Novus and Kohn. During oral argument, the attorney for AmTrust explained that she believed it ethical to serve only attorney Loiacono. Accordingly, the trial court's granting of default judgment as to Kohn is reversed and the matter remanded for further proceedings. Kohn's sole assigned error is sustained.

{¶21} Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, ADMINISTRATIVE   JUDGE

MELODY J. STEWART, J., and
EILEEN A. GALLAGHER, J., CONCUR