[Cite as *Estate of Kuzda v. PRF Ents., Inc.*, 2017-Ohio-4185.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 104961**

---

## ESTATE OF CHARLENE VARGO KUZDA

PLAINTIFF-APPELLEE

vs.

## PRF ENTERPRISES, INC., ET AL.

DEFENDANTS-APPELLEES

[Appeal By Dougout One Pub & Grill, L.L.C., Defendant-Appellant]

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-800249

**BEFORE:** Blackmon, J., S. Gallagher, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** June 8, 2017

**ATTORNEYS FOR APPELLANT**

George J. Argie
Dominic J. Vitantonio
Argie, D'Amico & Vitantonio
6449 Wilson Mills Road
Mayfield Village, Ohio 44143


**ATTORNEYS FOR APPELLEES**

**PRF Enterprises, L.L.C.**

Kenneth Calderone
Emily Yoder
Hanna, Campbell & Powell, L.L.P.
3737 Embassy Parkway, Suite 100
Akron, Ohio 44333

**For Estate of Charlene Vargo Kuzda**

Aaron P. Berg
Caravona & Berg
50 Public Square
1900 Terminal Tower
Cleveland, Ohio 44113

**Corkscrew Johnny's Inc.**

Robert Meeker
495 Portage Lakes Drive
Akron, Ohio 44391

John C. Fickes
Blakemore Meeker & Bowler Co., L.P.A.
39 E. Market Street, Suite 301
Akron, Ohio 44308

**For Jennifer M. Jilek**

D. John Travis
Deborah W. Yue
Gallagher Sharp
Bulkley Building, 6th Floor
1501 Euclid Avenue
Cleveland, Ohio 44114

PATRICIA ANN BLACKMON, J.:

**{¶1}** Defendant DougOut One Pub & Grill, L.L.C., d.b.a. DougOut Pub & Grill ("DougOut") appeals from the orders of the trial court entering default judgment against DougOut in favor of PRF Enterprises, Inc. d.b.a. Musketeers Bar & Grille ("PRF"), and denying DougOut's motion for relief from that judgment. DougOut assigns the following errors for our review:

> I.   The trial court erred in failing to conduct a hearing on the motion for default judgment, inasmuch as appellant DougOut would have been able to demonstrate at a hearing: (1) that it had a meritorious defense to the liability claims that were being advanced by appellee [PRF] on its cross claim; (2) that all discovery that was relevant to the liability claims of [PRF] had been produced; and (3) that claims by [PRF's] counsel to the contrary were not accurate.

> II.   The trial court erred in denying DougOut's motion for relief from judgment pursuant to Civ.R. 60(B).

**{¶2}** Having reviewed the record and pertinent law, we reverse the trial court's decision awarding PRF default judgment, and we remand for further proceedings consistent with this opinion.

**{¶3}** This appeal arises out of an automobile accident caused by Jennifer Jilek ("Jilek") in 2011, when her vehicle struck and killed Charlene Vargo Kuzda ("Kuzda"). It was determined that Jilek was under the influence of alcohol.[1]

**{¶4}** In 2013, Kuzda's estate sued DougOut, Jilek's employer PRF, and another

---

[1]Jilek was sentenced to ten years of imprisonment in connection with Kuzda's death. *See State v. Jilek*, Summit C.P. No. CR-2011-0440.

bar, Corkscrew Johnny's, Inc. All the defendants were bars that sold alcohol. They were alleged to be liable for Jilek's alcohol consumption under the dram shop law.

{¶5} On March 29, 2013, PRF requested discovery from DougOut; however, DougOut was not served with Kuzda's complaint until April 11, 2013. PRF renewed its discovery request. Because discovery was not responded to, the trial court granted PRF's motion to compel responses to the March 29, 2013 discovery.

{¶6} In January 2014, PRF submitted a second set of discovery requests to DougOut, and filed a cross-claim against DougOut for indemnity, contribution, and spoliation of evidence. On March 17, 2014, PRF settled with Kuzda's estate for $500,000, and the estate later dismissed its claims against PRF and Jilek with prejudice.

{¶7} In August 2014, PRF filed a second motion to compel, again complaining that DougOut did not initially respond to the first discovery request, sent before DougOut was served with the complaint in this matter, and that following the trial court's earlier order compelling DougOut to respond, DougOut submitted responses that "were largely incomplete." PRF also complained that DougOut did not respond to another request for discovery sent in January 2014. On August 27, 2014, the trial court granted PRF's second motion to compel, ordering DougOut to provide complete responses within 14 days. Also on August 27, 2014, the trial court granted PRF a protective order barring the parties from learning the terms of its settlement with the estate.

{¶8} On October 23, 2014, PRF filed a motion to show cause, complaining that although DougOut provided additional answers and documents, the responses "were

largely incomplete" and that DougOut objected without explanation to most of the requested information.

{¶9}  The trial court scheduled a hearing on PRF's motion to show cause on December 3, 2014.  DougOut's counsel appeared as required, and the court then continued the matter until January 22, 2015.   On that date, the trial court granted PRF's motions to compel in an order that provided for monetary sanctions in the event of future noncompliance, and stated:

> Defendant DougOut * * * is hereby ordered to [respond] on or by 02/02/2015. Any information withheld on the basis that it is privileged, proprietary or confidential must be appropriately identified in a contemporaneously-produced privilege log.   Defendant DougOut One Pub & Grill's failure to comply with this order will result in sanctions as follows: $50.00 per day for the first 10 days following 02/02/2015; $100.00 per day for the 10 day period thereafter; $250.00 per day for the subsequent 10 day period; $500.00 per day for the following 10 days; and $1,000.00 per day thereafter, until the production is complete.

{¶10}  In August 19, 2015, PRF filed a motion to impose $167,000 in sanctions from DougOut.   PRF complained that it learned of a new bank account during the deposition of DougOut's owner.   PRF also complained that counsel for DougOut advised that, "[i]f you would like to look at the boxes of supporting documentation, please contact me to arrange for your review as they are voluminous and you will need to copy them at your client's expense."

{¶11}  In opposition, DougOut advised the trial court that it had fully complied with discovery, stating as follows:

> Every financial document was provided or made available to counsel for [PRF] that is in the possession or control of the management of DougOut.

* * * The remaining financial documents responsive to [PRF's] discovery requests are in the possession of undersigned counsel. * * * The documents occupy four (4) copier size storage boxes and contain the receipts and other documentation that have no relevance to this litigation but are responsive to the discovery requests. * * * Counsel for [PRF] agreed to come to [DougOut's counsel's] office to review the irrelevant documentation and a mutually agreeable date was confirmed. [PRF's] counsel came as scheduled, spent approximately two hours in the conference room with the boxes and then advised undersigned counsel that she would be in contact with him as to whether [PRF] would be willing to copy the contents of the boxes. To date, undersigned counsel has not been made aware of the final decision regarding the copying of the documents, yet [PRF] is now requesting the Court to issue sanctions against DougOut when [PRF] has not taken advantage of the opportunity to secure copies of the documents that they have already viewed.

All financial documents in the possession of [DougOut], responsive to the requests made by [PRF] * * * have been timely presented to counsel for [PRF]. * * * The motion of [PRF] is devoid of exactly what * * * documents they believe have not been produced, and in fact, they have not provided the Court with any evidence that the unidentified documents even exist.

{¶12} Additionally, on September 4, 2015, counsel for DougOut notified the trial court that "he has been dealing with unidentified medical issues that have precluded him from maintaining a full work schedule."

{¶13} The trial court set a "sanctions hearing" for September 22, 2015. The record indicates that counsel for DougOut did not appear at this hearing because he did not know of it and he was at a medical appointment at the Cleveland Clinic. Immediately upon learning of the hearing, he drove directly from the Cleveland Clinic to court, spoke with opposing counsel and met with the court's staff attorney, informing her of the reason for not appearing sooner.

{¶14} The following day, the trial court issued an entry ordering PRF to file a

motion for default judgment:

> This case was called for hearing on PRF Enterprises' motion to show cause against [DougOut] on 09/22/2015.   Counsel for PRF Enterprises appeared; no one appeared on behalf of [DougOut].   A courtesy call to [DougOut's] counsel was not returned.   *Counsel for PRF Enterprises is hereby ordered to file a motion for default judgment on its crossclaim against [DougOut] based upon its failure to comply with the prior orders of this court and to defend the motion to impose sanctions.*   The motion shall be supported by PRF Enterprises's affidavit regarding damages.

(Emphasis added.)

**{¶15}**   In response to this order, PRF filed a motion for default judgment, and the trial court set a default hearing for October 20, 2015.   On that date, however, according to counsel for DougOut, no hearing took place.   Rather, the court's staff attorney informed the parties that an order would be issued in the matter.   On October 22, 2015, the court issued an order awarding PRF $500,000 and stating, in relevant part, as follows:

> A hearing was set for 10/20/2015 for which counsel for both parties and a representative for [DougOut] appeared. [DougOut] has failed to make discovery and obey this court's multiple orders to provide complete discovery to [PRF].   Accordingly, pursuant to Civ.R. 37, [PRF's] motion for default judgment on its cross claim, filed on 10/08/2015, is granted. Judgment is hereby granted to [PRF] against [DougOut] in the amount of $500,000.00, plus interest at the statutory rate per annum from this date, and court costs.

**{¶16}**    DougOut filed a motion for relief from judgment, and also requested a

hearing. The trial court denied the motion without a hearing.[2]

{¶17} On August 30, 2016, various outstanding claims and cross-claims were dismissed and the court's default judgment became final.[3] DougOut filed a motion for relief from judgment in the trial court. In relevant part, DougOut averred that through inadvertence, its counsel did not know of the September 22, 2015 sanctions hearing, and was in a medical appointment at the Cleveland Clinic. Immediately upon learning of the hearing, he drove from the Cleveland Clinic to the court and advised the staff attorney of the reason for missing the hearing. Additionally, DougOut's counsel averred that "every document requested in discovery and every interrogatory propounded [had been] provided" prior to the court's September 23, 2015 order.

{¶18} As to a meritorious defense, DougOut asserted that the deposition testimony in the matter demonstrated that while at work at PRF, Jilek consumed her own beer and also consumed alcohol provided by patrons and coworkers. DougOut also presented evidence that Jilek was only at DougOut's for 30-40 minutes and did not "overly consume alcohol" during that time. Two witnesses later observed Jilek in the parking lot of Corkscrew Johnny's, located minutes from the accident scene, and the fatal

---

[2]DougOut appealed from both the October 22, 2015 order awarding PRF $500,00 and the denial of its motion for relief from judgment. This court dismissed the appeals for lack of a final appealable order. *See Estate of Vargo Kuzda v. PRF Ents., Inc.*, 8th Dist. Cuyahoga Nos. 103812 and 104048 (July 28, 2016). On August 24, 2016, DougOut next filed a motion for reconsideration, which the trial court denied.

[3]On August 25, 2016, the estate dismissed its claims against Corkscrew Johnny's with prejudice, and against DougOut, without prejudice. Also on August 25, 2016, Corkscrew Johnny's dismissed its outstanding cross-claims against DougOut and PRF, with prejudice.

accident occurred 45-55 minutes after Jilek left DougOut. DougOut also maintained that there was no viable claim upon which to award a default judgment in favor of PRF in the amount of $500,000.

**{¶19}** One day later, the trial court denied DougOut's motion for relief from the default judgment without holding a hearing. DougOut now appeals, assigning two errors for our review.

## No Hearing Prior to Default Judgment Against DougOut

**{¶20}** In its first assigned error, DougOut asserts that the trial court abused its discretion by entering a default judgment against it without holding a hearing, where the record demonstrated that it provided discovery, and its counsel experienced medical issues.

**{¶21}** It is clear from the record, and PRF acknowledged during oral argument, that the trial court issued the default as a sanction for the discovery violations. The concern for this court is whether PRF is entitled to $500,000 and under what rule of law, especially when no hearing was held to determine whether the $500,000 is indemnification, contribution, or an assigned judgment.

**{¶22}** Under Civ.R. 37(B)(1), "[i]f any party * * * fails to obey an order to provide or permit discovery, * * * the court may issue further just orders." Sanctions may include the following:

(a) Directing that * * * facts shall be taken as established for purposes of the action as the prevailing party claims;

(b) Prohibiting the disobedient party from supporting or opposing

designated claims or defenses, * * *;

(c)    Striking pleadings in whole or in part;

(d)    Staying further proceedings * * *;

(e)    Dismissing the action or proceeding in whole or in part;

(f)    Rendering a default judgment against the disobedient party; or

(g)    Treating as contempt of court the failure to obey any orders.

*Id.*

**{¶23}** When a default judgment is issued as a discovery sanction, the notice and hearing requirements of Civ.R. 55 are applicable. *Amtrust N. Am., Inc. v. Novus Credit Solutions, Inc.*, 8th Dist. Cuyahoga No. 97499, 2012-Ohio-4272, ¶ 19; *Gunton Corp. v. Architectural Concepts*, 8th Dist. Cuyahoga No. 89725, 2008-Ohio-693, ¶ 7; *LaRiche v. Delisio*, 8th Dist. Cuyahoga No. 77352, 2000 Ohio App. LEXIS 5592 , at 7 (Nov. 30, 2000). In *LaRiche*, this court held that it is essential to "provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice." *Id.* at 8. In general, this court reviews a trial court's order granting discovery sanctions for an abuse of discretion. *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254, 256, 662 N.E.2d 1 (1996); *Fone v. Ford Motor Co.*, 128 Ohio App.3d 492, 495, 715 N.E.2d 600 (8th Dist.1998). However, "that standard is actually heightened when reviewing decisions that forever deny a plaintiff a review of a claim's merits." *Jones v. Hartranft*, 78 Ohio St.3d 368, 372 678 N.E.2d 530 (1997). In *Jones*, the court cited the fundamental principle that disposition of cases on their merits is

favored in the law. *Id.* That principle, the court noted, "has spawned decisions to curtail the trial court's discretion" to grant a default judgment. *Id.*, citing *Toney v. Berkemer*, 6 Ohio St.3d 455, 458, 453 N.E.2d 700 (1983).

**{¶24}** In *Toney*, the Ohio Supreme Court adopted the United States Supreme Court's holding in *Societe Internationale v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958), that "the harsh remedies of dismissal and default should only be used when the failure to comply has been due to willfulness, bad faith, or any fault." Likewise, the *Toney* court held that "[t]he granting of a default judgment * * * is a harsh remedy which should only be imposed when the actions of the faulting party create a presumption of willfulness or bad faith." *Id.* at 458. *Accord State ex rel. Dispatch Printing Co. v. Johnson*, 106 Ohio St.3d 160, 2005-Ohio-4384, 833 N.E.2d 274, ¶ 49.

**{¶25}** The *Toney* court considered whether the trial court abused its discretion in entering a default judgment against a party for deficiencies in the party's responses to interrogatories and requests for production of documents, where the noncomplying party was experiencing medical problems, and also advised opposing counsel that "they were welcome to examine his entire case file and that he would gladly furnish them copies of anything they desired." In determining that the trial court abused its discretion, the Ohio Supreme Court noted that the records sought, while relevant, were not so sufficiently relevant to the conduct of the instant case to justify the "the drastic sanction of default judgment." *Id.* at 458-459. Additionally, the court found that the noncomplying party had a valid health-related excuse for his noncompliance, and was willing to provide

additional information.   *Toney*, 6 Ohio St.3d at 458.

**{¶26}**   Ohio appellate courts have likewise held that it is inappropriate for a trial court to order dismissal or default against a party when the party has produced evidence demonstrating that the inability to comply with a discovery order was due to health problems.   *Barbato v. Miller*, 8th Dist. Cuyahoga No. 76536, 2000 Ohio App. LEXIS 2101 (May 18, 2000); *Dater v. Charles H. Dater Found.*, 1st Dist. Hamilton Nos. C020675 and C-020784, 2003-Ohio-7148.

**{¶27}**   Further, in *Gray v. Newman*, 8th Dist. Cuyahoga No. 89549, 2008-Ohio-1076, this court applied the considerations outlined in *Toney* and determined that the trial court abused its discretion in entering a default judgment and monetary damages as a discovery-related sanction.   In *Gray*, the complaining party asserted that certain documents were never produced.   This court noted that the trial court failed to hold a hearing, and concluded that the sanction was disproportionate to the noncompliant party's conduct.   This court stated:

> The propriety of the sanction imposed should be evaluated after considering the history of the case, the facts and circumstances surrounding the noncompliance, including the number of opportunities and the length of time within which the faulting party had to comply with the discovery or the order to comply, what efforts were made to comply, the ability or inability of the faulting party to comply, and any other appropriate factors.

*Id.* at ¶ 20, quoting *Toney* at 458-459.   *Accord Gunton* (affirming the vacating of a default judgment entered without warning, hearing, or evidence as to damages). *Cuyahoga Metro. Hous. Auth. v. Watson, Rice & Co.*,   8th Dist. Cuyahoga Nos. 83230 and 83633, 2004-Ohio-6413 (reversing a default judgment ordered as sanction for failing

to schedule a deposition).

**{¶28}** Additionally, we note that a party cannot be charged with a delay in providing discovery for that portion of time when he or she was not actually served with the complaint and joined as a party in the action. *Wells Fargo Bank v. Poling*, Franklin C.P. No. 09CV-232, 2009 Ohio Misc. LEXIS 6134, 7 (Sept. 1, 2009) ("Clearly, Plaintiff attempted to serve Susan Poling with a discovery request before she had been served with the Complaint. Therefore, Susan Poling was under no obligation to answer the requests for admission.").

**{¶29}** Finally, as this court noted in *Gray*, a default issued as a discovery sanction requires a valid underlying cause of action. 2008-Ohio-1076 at ¶ 17.

**{¶30}** Applying the foregoing considerations, we conclude that on these facts, the trial court abused its discretion in awarding PRF default judgment in this matter. As an initial matter, the record demonstrates that the first discovery request was served prior to DougOut being served with the summons and complaint in this case. As to DougOut's subsequent conduct, DougOut presented evidence outlining his efforts to comply with the discovery request. He informed the court that he had provided discovery and, both parties acknowledge that he informed counsel for PRF that all documents were available for review at his office. Counsel for DougOut also informed the trial court, on September 4, 2015, or well in advance of the court's September 22, 2015 hearing, that "he has been dealing with unidentified medical issues that have precluded him from maintaining a full work schedule." There is no evidence of

willfulness or bad faith.

{¶31} Further, the record fails to demonstrate that DougOut had sufficient notice that it faced the extreme sanction of default judgment. In the court's January 22, 2015 order on PRF's motion to show cause, the trial court outlined potential financial sanctions for future noncompliance. DougOut was notified that it faced financial sanctions of up to $1,000 per day. There is no mention of possible default judgment. As the discovery dispute continued, there was no mention that DougOut faced the possibility of the extreme sanction of default judgment until September 23, 2015, the day the court "*ordered*" PRF to file a motion for a default judgment. Although the trial court did not actually award PRF default judgment until October 22, 2015, the docket clearly demonstrates that the court intended to award PRF default judgment September 23, 2015, or one day after DougOut's counsel arrived too late for the sanction hearing. We find this insufficient notice and opportunity to be heard. *Accord LaRiche* at 10 (prior notice of one business day before the court granted the motion for default judgment did not give the appellant a reasonable time to respond).

{¶32} As to the events surrounding the hearing on September 22, 2015, the record indicates that counsel for DougOut drove from the Cleveland Clinic directly to the trial court when he learned of the September 22, 2015 sanctions hearing. He immediately met with the court's staff attorney and explained the reason for his absence, but in response to his explanation and excuse, the court indicated on its September 23, 2015 order instructing PRF to file a motion for a default judgment that DougOut's

counsel "failed to appear."

{¶33}   Accordingly, we conclude that the trial court erred in awarding PRF default judgment as a discovery sanction herein. *Accord Toney*, 6 Ohio St.3d at 458-459 (error to award default judgment on discovery dispute where counsel apprised court of health issue and made alternative arrangements to provide requested records).

{¶34}   Moreover, with regard to the $500,000 awarded to PRF, we additionally note that the trial court awarded this amount without providing DougOut with a hearing, or obtaining any evidence as to damages. Although the court set the matter for a damages hearing on October 20, 2015, when DougOut's counsel appeared on that date with a witness and evidence, the trial court refused to hold a hearing. Instead, the court advised counsel that the court would issue a journal entry on the matter. In that journal entry, the court awarded PRF damages of $500,000. PRF insists that this award is proper because its insurer permitted PRF to "pursue recovery in its name for any of the damages it may incur as a result of other tortfeasors." PRF also maintains that DougOut's failure to provide discovery prevented the apportionment of liability among codefendants. However, this court has determined that the default judgment was erroneously ordered herein. Further, under R.C. 2307.22 and 2307.23, there must be an apportionment of liability among codefendants, including defendants who have settled with the plaintiff. *Fisher v. Beazer E., Inc.*, 8th Dist. Cuyahoga No. 99662, 2013-Ohio-5251, ¶ 36, citing R.C. 2307.22 and 2307.23.

{¶35}   In accordance with all of the foregoing, the first assigned error is

well-taken.

## Failure to Hold Hearing on Relief From Judgment Motion

{¶36} In its second assigned error, DougOut argues that the trial court erred by failing to hold a hearing on its August 30, 2016 motion for relief from the default judgment.

{¶37} In light of our disposition of the first assigned error, we conclude that the second assigned error is moot.

{¶38} Judgment is reversed, the default judgment is vacated, and the matter is remanded for further proceedings consistent with this opinion.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

LARRY A. JONES, SR., J., CONCURS;
SEAN C. GALLAGHER, P.J., CONCURS
IN JUDGMENT ONLY